**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RUSSELL MAYFIELD AND PAUL** | § | |
| **WALTON** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **Civil Action No.**  5:20-cv-210 |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **INDIANA, MARK DE LA CRUZ, AMY** | § | |
| **CLARK KNIGHTON, AND TERRY** | § | |
| **FENIMORE** | § | |
|     **Defendants** | § | |

---

### SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Safeco Insurance Company of Indiana (hereinafter referred to as "Safeco") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.    On October 14, 2019, Plaintiffs Russell Mayfield and Paul Walton filed their Original Petition ("Original Petition") styled Cause No. 2019CI21555; *Russell Mayfield and Paul Walton vs. Safeco Insurance Company of Indiana, Mark De La Cruz, Amy Clark Knighton, and Terry Fenimore*; In the 408th Judicial District Court, Bexar County, Texas.  Safeco was served with citation on October 25, 2019 and filed its Original Answer on November 14, 2019. On January 22, 2020, pursuant to Texas Insurance Code section 542A.006(a), Safeco served Plaintiffs' counsel with notice that it was electing to accept responsibility for the individually named Defendants (Mark De La Cruz, Amy Clark Knighton, and Terry Fenimore) any for the act

or omissions related to the insurance claim made the basis of the lawsuit. The Court dismissed the individual Defendants with prejudice on February 7, 2020.

***Nature of the Suit***

2.       This lawsuit involves a dispute over Safeco's handling of Plaintiffs' insurance claim for damages from a wind/hail storm allegedly sustained by their residential property: 4 Morning Downs, San Antonio, Texas 78257-1227.  Plaintiffs assert causes of action against Safeco for breach of the insurance contract, unfair settlement practices, failure to promptly pay their claim, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code.

***Basis for Removal***

3.       Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.  The Amount in Controversy Exceeds $75,000.**

4.       In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1]  Here, Plaintiffs claim that their property, which Plaintiffs insured through Safeco, sustained storm damage.[2]  Plaintiffs seek damages for Safeco's alleged failure to pay them what was owed under

---

[1]  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[2] *See* Exhibit A, Original Petition at ¶13-15.

the terms of their insurance contract.[3]   The Policy in effect on the reported date of loss was Texas Homeowner's Policy with coverage limits of $901,700 for the dwelling and $541,020.00 for personal property.   In addition, Plaintiffs seek statutory penalties and treble damages under the Texas Insurance Code.[4]   Plaintiffs also seek attorney fees for bringing this suit.[5]

5.      Plaintiffs pleads in their Original Petition that they are seeking monetary relief of over "$200,000.00 but not more than $1,000,000.00."[6]   This exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.   Thus, given the Policy limits pertinent to Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

**B.  Complete Diversity Exists Among Remaining Parties**

6.      Upon information and belief, Plaintiffs were citizens of Texas when their Petition was filed and continue to be citizens of Texas.

7.      Safeco is a company organized under the laws of the State of Indiana with its principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, complete diversity exists between Plaintiffs and Safeco, the only remaining parties to the suit.

**C.  While Non-Diverse, the Individual Defendants were Improperly Joined**

8.      While the individual Defendants were non-diverse, they have all been dismissed with prejudice.   Even if not dismissed, Safeco's election rendered De La Cruz, Knighton, and Fenimore improperly joined.   A removing party can establish federal jurisdiction on the basis of

---

[3] *See* Exhibit A, Original Petition at ¶16-23.
[4] *See* Exhibit A, Original Petition at ¶33-35.
[5] *See* Exhibit A, Original Petition at ¶72-74,76.
[6] *See* Exhibit A, Original Petition at ¶7.

28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined."[7]  To establish improper joinder, a removing party may show either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[8]  The latter of the two grounds for improper joinder exists here.

9.      In assessing the assertion of improper jointer, District Courts may consider whether a party was improperly joined by conducting an analysis of whether there is an arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged.[9]  A mere theoretical possibility of recovery under local law will not preclude a finding of fraudulent joinder.[10]

10.     All of Plaintiffs' allegations against the individual Defendants stem from and flow from the allegation that they inspected Plaintiffs' property and/or prepared estimates for the repair of covered damages.[11]  However, Safeco elected responsibility for any liability arising out of any of those alleged acts or omissions.  Thus, even if those allegations constituted a viable claim against one or more of the individual Defendants, Safeco's election "is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent." *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *3 (W.D. Tex. Nov. 18, 2019) citing *Flores v. Allstate Vehicle and Property Ins. Co.*, 2018 WL 5695553, at *5 (W.D. Tex. October 31,

---

[7] *Smallwood v. Illinois Cent. R. Co.* 385 F.3d 568, 573 (5th Cir. 2004).

[8] *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).

[9] *See, Tedder v. F.M.C. Corporation*, 590 F.2d 115, 117 (5th Cir. 1979), *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).  *See also*, *Fields v. Pool Offshore, Inc.* 182 F.3d 353, 357 (5th Cir. 1999) (claim as to defendant is fraudulent, so as not to prevent removal, where court "determines, after resolving "all disputed questions of fact and any ambiguities in the current controlling substantive law in plaintiff's favor" that there is "no reasonable basis for predicting that the plaintiff might establish liability" "against the defendant.").

[10] *Badon v. RJR Nabisco*, 236 F.3d 282, 286, n. 4 (5th Cir. 2000).

[11] *See* Exhibit A, Original Petition at ¶13-44.

2018).[12]  Moreover, based on Safeco's election, those Defendants have now been dismissed with prejudice making it impossible for Plaintiffs to recover against those individuals.[13]

### The Removal is Procedurally Correct

11.     Safeco was first served with the Original Petition in District Court on October 25, 2019.  Safeco made its election of responsibility pursuant to Texas Insurance Code section 542A.006(a) on January 22, 2020.  The Court subsequently dismissed the suit with prejudice as to Mark De La Cruz, Amy Clark Knighton, and Terry Fenimore – the non-diverse the individual Defendants – on February 7, 2020.

12.     Therefore, Safeco filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

13.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

14.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

15.     Pursuant to 28 U.S.C. §1446(d), promptly after Safeco files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse parties.

16.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 408th Judicial District for Bexar County, Texas, promptly after Safeco files this Notice.

---

[12] *See* Exhibits C and D.
[13] *See* Exhibit A, Motion to Dismiss with Prejudice and Order.

WHEREFORE, Safeco Insurance Company of Indiana requests that this action be removed from the 408th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____

David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Safeco Insurance Company of Indiana*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **21**st day of **February 2020**, addressed to those who do not receive notice from the Clerk of the Court.

Ryan Fowler, Esq.
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas 77027


_____
Carrie D. Holloway

# Exhibit A

Case 5:20-cv-00210-Document-1-Filed 02/21/20   Page 9 of 97



# County Clerk & District Clerk
## Court Records Search

---

# Case #2019CI21555

**Name**: RUSSELL MAYFIELD

**Date Filed** : 10/14/2019

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 408

**Docket Type** : OTHER CIVIL CASES

**Business Name** :

**Style** : RUSSELL MAYFIELD ET AL

**Style (2)** : vs SAFECO INSURANCE COMPANY OF INDIANA ET AL

---

# Case History

*Currently viewing 1 through 15 of 00015 records*

| Sequence | Date Filed | Description |
|----------|-----------|-------------|
| O00001 | 2/7/2020 | ORDER TO DISMISS<br>MARK DE LA CRUZ AMY CLARK KIGHTON AND<br>TERRY FENIMORE<br>JUDGE: DAVID A. CANALES<br>VOL: 5262 PAGE: 52 PAGE COUNT: 2 |
| T00010 | 1/29/2020 | NON-JURY<br>SETTING ON M/T DISMISS<br>**DROPPED**<br>COURT: 109 TRIAL DATE & TIME: 2/13/2020 8:30AM |
| P00009 | 1/23/2020 | MOTION TO DISMISS<br>WITH PREJUDICE |
| P00008 | 12/13/2019 | ORIGINAL ANSWER OF<br>TERRY FENIMORE |
| P00007 | 11/14/2019 | ORIGINAL ANSWER OF<br>MARK DE LA CRUZ |
| P00006 | 11/14/2019 | ORIGINAL ANSWER OF<br>AMY CLARK KNIGHTON |
| P00005 | 11/14/2019 | ORIGINAL ANSWER OF<br>SAFECO INSURANCE COMPANY OF INDIANA |
| S00004 | 10/15/2019 | CITATION<br>TERRY FENIMORE<br>ISSUED: 10/15/2019 RECEIVED: 11/15/2019<br>EXECUTED: 11/19/2019 RETURNED: 12/9/2019 |
| S00003 | 10/15/2019 | CITATION<br>AMY CLARK KNIGHTON<br>ISSUED: 10/15/2019 |
| S00002 | 10/15/2019 | CITATION<br>MARK DE LA CRUZ<br>ISSUED: 10/15/2019 RECEIVED: 11/1/2019<br>EXECUTED: 11/6/2019 RETURNED: 11/12/2019 |
| S00001 | 10/15/2019 | CITATION<br>SAFECO INSURANCE COMPANY OF INDIANA<br>ISSUED: 10/15/2019 RECEIVED: 10/23/2019<br>EXECUTED: 10/25/2019 RETURNED: 11/1/2019 |
| P00004 | 10/14/2019 | REQUEST FOR SERVICE AND PROCESS<br>POSTAGE & COPY FEE PAID |
| P00003 | 10/14/2019 | PETITION |
| P00002 | 10/14/2019 | SERVICE ASSIGNED TO CLERK 3 |
| P00001 | 10/14/2019 | JURY FEE PAID |



null / ALL
**Transmittal Number: 20594965**
**Date Processed: 10/25/2019**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| Entity: | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
| Entity Served: | Safeco Insurance Company of Indiana |
| Title of Action: | Russell Mayfield vs. Safeco Insurance Company of Indiana |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Bexar County District Court, TX |
| Case/Reference No: | 2019CI21555 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 10/25/2019 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Rene M. Sigman<br>713-626-8880 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

PRIVATE PROCESS

Case Number: 2019-CI-21555



2019CI21555 S00001

**RUSSELL MAYFIELD ET AL**
**VS.**
**SAFECO INSURANCE COMPANY OF INDIANA ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   SAFECO INSURANCE COMPANY OF INDIANA

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUEST FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUEST FOR DISCLOSURE was filed on the 14th day of October, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 15TH DAY OF OCTOBER A.D., 2019.

RENE M SIGMAN
ATTORNEY FOR PLAINTIFF
515 POST OAK BLVD 750
HOUSTON, TX 77027-9482



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Elvira Enriquez*, Deputy

---

RUSSELL MAYFIELD ET AL
VS
SAFECO INSURANCE COMPANY OF INDIANA ET AL

**Officer's Return**

Case Number: 2019-CI-21555
Court: 408th Judicial District Court

I received this CITATION on _10/23/19_ at _3:02_ o'clock _P_.M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUEST FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at _____ or ( ) not executed because _____

Fees: _____ Badge/PPS #: _____ Date certification expires: _____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20___.

_____
Declarant

RETURN TO COURT (DK002)

10/25/19

FILED
10/14/2019 11:02 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

W/ JD                    4 CITS PPS - SAC 3

CAUSE NO. **2019CI21555**

| | | |
|---|---|---|
| RUSSELL MAYFIELD AND PAUL WALTON, | § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, MARK DE LA CRUZ, | § | |
| AMY CLARK KNIGHTON, AND | § | |
| TERRY FENIMORE, | | 408th JUDICIAL DISTRICT |
| **Defendants.** | | |

### PLAINTIFFS' ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE:**

COME NOW Russell Mayfield and Paul Walton ("Plaintiffs"), and file this *Plaintiffs' Original Petition and Request for Disclosure*, complaining of Safeco Insurance Company of Indiana, ("Safeco"), Mark De La Cruz, ("De La Cruz"), Amy Clark Knighton ("Knighton"), and Terry Fenimore ("Fenimore") (at times herein referenced collectively as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case stems from an insurance dispute arising out of a severe hail/wind storm on or about April 13, 2019, which severely damaged Plaintiffs' home in San Antonio, Texas. This case involves complex issues stemming from violations of the Texas Insurance Code and the insurance policy at issue. The parties will be involved in detailed discovery concerning claims handling practices, denial and payment of claims, including Plaintiffs' claim, and the systematic approach by Safeco and its adjusters in handling these types of property claims.

1

## PARTIES

2.      Plaintiffs **Russell Mayfield** and **Paul Walton** are individuals residing in San Antonio, Bexar County, Texas.

3.      Defendant **Safeco Insurance Company of Indiana** is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered agent for service of process, Corporation Service, 211 East 7th Street Suite 620, Austin, Texas 78701-3218.

4.      Defendant **Mark De La Cruz** is an individual residing in and domiciled in Dallas, Texas. At all times material to the allegations in this Petition, Defendant Mark De La Cruz has done business in Texas acting as an insurance adjuster. This Defendant may be served with personal process by a process server at his place of business at 13111 N. Central Expressway, Suite 500 Dallas, Texas 75243.

5.      Defendant **Amy Clark Knighton** is an individual residing in and domiciled in Houston, Texas. At all times material to the allegations in this Petition, Defendant Amy Clark Knighton has done business in Texas acting as an adjuster. This Defendant may be served with personal process by a process server at her place of business at 7718 Royan, Houston, Texas 77071.

6.      Defendant **Terry Fenimore** is an individual residing in and domiciled in the State of Texas. At all times material to the allegations in this Petition, Defendant Terry Fenimore has done business in Texas acting as an adjuster. This Defendant may be served with personal process by a process server at his place of business at 9901 W Interstate 10 Ste. 405, San Antonio, Texas 78230-1781

2

**JURISDICTION**

7.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000.00. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

8.      The Court has jurisdiction over Defendant **Safeco Insurance Company of Indiana** because this Defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

9.      The Court has jurisdiction over Defendant **Mark De La Cruz** because this Defendant is an agent of Safeco and engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

10.     The Court has jurisdiction over Defendant **Amy Clark Knighton** because this Defendant is an agent of Safeco and engages in the business of insurance as an adjuster in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

11.     The Court has jurisdiction over Defendant **Terry Fenimore** because this Defendant is an agent of Safeco and engages in the business of insurance as an adjuster, claims representative or claims specialists in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

**VENUE**

12.     Venue is proper in Bexar County, Texas, because the insured property is located in San

3

Antonio, Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

13.    Plaintiffs are the owners of a Homeowners' Insurance Policy (the "Policy"), issued by Safeco to insure their property located at 4 Morning Downs, San Antonio, Texas 78257-1227 ("the Property").

14.    On April 13, 2019, a severe hail/wind storm with three (3) inch hail falling in some places pounded San Antonio, Texas.

15.    Plaintiffs' Property and home sustained significant wind and hail damage, and in particular, Plaintiffs' tile roof was substantially damaged. The hail cracked tile roof shingles and windows allowing water to intrtude into the interior. Also damaged was the deck, patio, balcony, and other areas of the exterior.

16.    Plaintiffs submitted their claim to Safeco ("the Claim"). Safeco assigned adjuster Mark De La Cruz, but shortly thereafter, Safeco assigned a second adjuster, Amy Clark Knighton ("Knighton") to perform the initial investigation and inspection of Plaintiffs' Property. Knighton performed her inspection on or about April 19, 2019, but her inspection was substandard, and, in fact, she failed to even get on the roof which sustained the most serious damage of any area on the Property. Knighton either never prepared an estimate of her inspection, or if she prepared an estimate, Plaintiffs never received a copy. The only indication that this inspection actually took place were two photographs of the front of the Property that Plaintiffs' received. Both photographs show substantial roof damage.

17.    Safeco then assigned a third adjuster, Terry Fenimore to perform an investigation and inspection of the Property. Fenimore conducted an inspection on or about May 13, 2019. Fenimore's estimate failed to include the full extent of the damages. Fenimore sent a letter to

Plaintiffs dated May 19, 2019 concluding that the amount of damages owed under the Policy which had an RCV amount of $144,764.49 with an amount to be paid to Plaintiffs of $62,267.23.

18.     Curiously, Plaintiffs received a letter from De La Cruz on May 24, 2019, which indicated that Safeco was still investigating and adjusting Plaintiffs' Claim under a reservation of rights.

19.     On or about June 5, 2019, Safeco sent a letter to Plaintiffs, but it was incorrectly addressed to "Mr. and Ms. Mayfield." This letter stated that the damages owed for the home totaled an RCV of $100,642.01 and concluded that Plaintiffs were owed $54,720.91. Plaintiffs received a Safco check dated June 5, 2019 in the amount of $85.37 and another dated June 6, 2019 for $54,635.54. But even payment of the RCV was not an adequate amount of funds to cover the cost of repairs to all the covered damages that Plaintiffs' Property sustained.

20.     The estimate included with that June 5, 2019 letter was one that was completed by Fenimore on May 19, 2019 and totaled an RCA for the dwelling of $96,600.31. Interestingly, this estimate included the tarping costs from Plaintiffs' local contractor who had bid the roof work. However, the estimate that was included contained a bid from a Wisconsin tile manufacturer dated two weeks later on May 30, 2019 rather than the bid from Plaintiffs' local contractor.

21.     There is no question that the Policy between Plaintiffs and Safco covered the damages to Plaintiffs' Property; therefore, Plaintiffs were and are entitled to receive all Policy benefits. Furthermore, the Policy provided that Safco would pay the RCV to repair and/or replace the damages caused by the hail/windstorm which was a covered peril in the Policy. The result of Defendants' failures resulted in a significant under payment of Plaintiffs' Claim. These substandard investigations did not even meet the minimum standards of performance pursuant to industry standards in Sections 21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise. *See* TEX. ADMIN. CODE §§21.203, 21.205.

22.     It is clear from these facts, that Safeco, De La Cruz, Knighton, and Fenimore, set out to deny and/or underpay properly covered damages. Safeco failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped and undervalued the damages that were allowed, thus denying adequate and sufficient payment to Plaintiffs. To date, Plaintiffs have yet to receive full payment under the Policy which has caused a delay in Plaintiffs' ability to fully repair their home and, in particular, to obtain reimbursement for Plaintiffs' replacement of the tile roof. Moreover, additional damages have occurred from the lack of repair. At this point, Plaintiffs were left with little choice but to retain the services of the law firm whose signatures appear below.

23.     Compounding Safeco's failure to adequately train and supervise its adjusters, Safeco failed to adequately review its adjusters' estimates of Plaintiffs' damages as well. Rather, Safeco just blindly adopted and accepted the substandard inspections and estimates without question. In this regard, Safeco intentionally chose and adopted a business model that provided for retaining few, if any, qualified adjusters and employees or retaining any qualified outside adjusters to perform Safeco's non-delegable duties of investigating the Claims in accordance with applicable Texas law. Further, it is equally as clear, that Safeco either had no procedures or had inadequate procedures to monitor or regularly audit the work product of its adjusters and Claims personnel.

24.     By wrongfully denying proper payments to Plaintiffs and wholly failing to properly handle Plaintiffs' Claim, Safeco breached the duty of good faith and fair dealing owed to Plaintiffs as an insured in an insurance contract with Safeco. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987). The concept of good faith and fair dealing is based in large part on the parties' special relationship formed from the parties' "unequal bargaining power." Insurers, like Safeco, have the ability to

more easily take advantage of policyholders like Plaintiffs, due to an insurer's exclusive control over the evaluation, processing and denial of claims. This unlevel playing field between an insurer and its policyholders further justifies the imposition of a common-law duty on insurers to deal fairly and in good faith with their policyholders which Safeco breached in failing to deal fairly and in good faith with Plaintiffs.

25.     Safeco's conduct was not only a breach of its common law duty to deal fairly and in good faith with Plaintiffs based on this "special relationship" between the parties, but also constitutes a breach of the insurance contract between Safeco and Plaintiffs. Over a century ago, Justice Learned Hand wrote: "[a] contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent." *Hotchkiss v. Nat'l City Bank*, 200 F. 287, 293 (S.D.N.Y. 1911). The insurance Policy in effect between Plaintiffs and Safeco is a contract wherein the insurance company, Safeco, offers to provide insurance coverage and services associated therewith in exchange for the policyholder's payment of annual premiums in consideration of the contract. Texas law recognizes a cause of action for breach of contact. Pursuant to Texas law, either party to the contract can initiate legal action against the other party for violations of that contract that causes damages. A breach of contract claim is distinct and independent from a tort claim such as a breach of the duty of good faith and fair dealing or a violation of statutory or other extra-contractual claims. Tort and contract claims are separate and independent, yet they are factually interwoven, and the same evidence is often admissible on both types of claims in an insurance policy.

26.     Safeco's conduct also constitutes the commission of a tort for its violation of the Texas Insurance Code. Here, in Texas, the vast majority of insurance policies, including Safeco's Policy contract with Plaintiffs, do not contain provisions to account for an insurance company's and/or

its representatives' (potentially improper) tort acts or omissions undertaken through their handling of a claim. It cannot be denied that such conduct has a detrimental effect on policyholders, like Plaintiffs here, when a claim is unnecessarily drawn out and then ends with a poor result. To account for such tort acts and omissions that fall outside the four-corners of the contract language (but nonetheless affect the claim and/or detrimentally harm the policyholder), the Texas Legislature specifically created and enacted the Texas Insurance Code to protect consumers and regulate insurance professionals, like Safeco. Chapters 541 and 542 of the Texas Insurance Code include duties and obligations that any person or entity engaged in the business of insurance in the State of Texas must follow. Those duties and obligations are wholly independent of those to which an insurer may be contractually responsible. Specifically, Chapter 541 of the Texas Insurance Code states that, "the purpose of this chapter is to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." Chapters 541 and 542 of the Texas Insurance Code describe various claims settlement practices, among extensive other rules and requirements that anyone conducting the business of insurance in the State of Texas must not engage in or undertake. Insurance policies in Texas, such as Plaintiffs' Policy with Safeco, which gives rise to a breach of contract claim, are silent as to these statutory provisions which give rise to a tort claim. These two bodies of law (contract and tort) are entirely independent areas of the law with independent issues, under independent bodies of law with unique causes of action and damages.

27.     Safeco committed a tort when it violated the Texas Insurance Code by misrepresenting to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Safeco further committed a tort when it violated the

Texas Insurance Code by initially undervaluing and under-scoping the damages Plaintiffs incurred. Safeco's misrepresentations caused Plaintiffs to suffer "actual damages" which, under the Insurance Code, are those recoverable at common law and which include benefit-of-the-bargain damages, commonly referred to as "policy benefits," which signify the difference of the value represented and the value received. Safeco's conduct as described above and herein, constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(1).

28.     Policyholders, like Plaintiffs, can recover actual damages which are the "policy benefits" for extra-contractual claims such as Chapter 541 violations under the Texas Insurance Code and for commission of other bad faith claims. Plaintiffs, therefore, are entitled to recover policy benefits which are the actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

29.     Safeco also failed to make an attempt to settle Plaintiffs' Claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Safeco's conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(2)(A). Safeco's conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially, in full, by Safeco, but were not. Plaintiffs, therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

30.     In addition, Safeco failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement and failed to explain the reason why full payment was not being made. Furthermore, Safeco neither communicated that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure

to adequately settle Plaintiffs' Claim. Safeco's conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(3). Safeco's conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially by Safeco, in full. Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

31.     Furthermore, Safeco failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive time indication of acceptance or rejection, regarding the full and entire Claim, in writing from Safeco. Safeco's conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(4). Safeco's conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially by Safeco, in full. Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

32.     Finally, Safeco, refused to fully compensate Plaintiffs under the terms of the Policy, and further failed to conduct a reasonable investigation. Specifically, Safeco performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in an unfair and inequitable evaluation of Plaintiffs' losses on the Property. Safeco's conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(7). Thus, Safeco's conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially, in full, by Safeco. Plaintiffs, therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

33.     After receiving notice of Plaintiffs' Claim, Safeco failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' Claim, beginning an investigation of Plaintiffs' Claim, and requesting all information reasonably necessary to investigate Plaintiffs' Claim within the statutorily mandated time of receiving notice of Plaintiffs' Claim. Safeco's conduct is a violation of Section 542.055 of the Texas Insurance Code Prompt Payment Claims Act. *See* TEX. INS. CODE §542.055. Safeco's conduct caused Plaintiffs to suffer actual damages which constitutes the loss of Policy benefits to which they were entitled, and which should have been paid by Safeco. Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

34.     Safeco failed to accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time of receiving all necessary information. Safeco's conduct constitutes a violation of Section 542.056 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.056. Safeco's conduct caused Plaintiffs to suffer actual damages which constitutes the loss of Policy benefits to which they were entitled, and which should have been paid, in full, by Safeco. Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

35.     Safeco failed to meet its obligations under the Texas Insurance Code regarding payment of Plaintiffs' Claim without delay. Specifically, Safeco delayed full payment of Plaintiffs' Claim longer than allowed, and, to date, Plaintiffs have not received full payment of their Claim. Safeco's conduct constitutes a violation of Section 542.058 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.058. As a result of Safeco's violation of this section of the Texas Insurance Code, Plaintiffs have lost Policy benefits to which they were entitled, and which should have been paid, in full, by Safeco's timely. Plaintiffs, therefore, are entitled to

11

recover Policy benefits as their actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

36.     Defendants, Safeco, De La Cruz, Knighton, and Fenimore, misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Safeco. De La Cruz, Knighton, and Fenimore, conduct constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(1).

37.     Defendants Safeco, De La Cruz, Knighton, and Fenimore, failed to make an attempt to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Safeco, De La Cruz, Knighton, and Fenimore, conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendants Safeco, De La Cruz, Knighton, and Fenimore, failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Defendants Safeco, De La Cruz, Knighton, and Fenimore failed to offer Plaintiffs adequate compensation, without any explanation of why full payment was not being made. Defendants Safeco, De La Cruz, Knighton, and Fenimore, did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' Claim.  Defendants Safeco, De La Cruz, Knighton, and Fenimore's conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(3).

39.     Defendants Safeco, De La Cruz, Knighton, and Fenimore, failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive timely

indication of acceptance or rejection, regarding the full and entire Claim, in writing from Defendants Safeco, De La Cruz, Knighton, and Fenimore. Defendants Safeco, De La Cruz, Knighton, and Fenimore's conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(4).

40.     Defendants Safeco, De La Cruz, Knighton, and Fenimore, refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Safeco, De La Cruz, Knighton, and Fenimore failed to conduct a reasonable investigation. Specifically, Defendants Safeco, De La Cruz, Knighton, and Fenimore performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Safeco, De La Cruz, Knighton, and Fenimore's conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(7).

41.     From the time Plaintiffs' Claim was presented to Safeco, the liability of Safeco to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Safeco has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing.

42.     Defendants Safeco, De La Cruz, Knighton, and Fenimore, knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed from Plaintiffs all or part of such material information.

43.     Defendants Safeco, De La Cruz, Knighton, and Fenimore's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

44.     Plaintiffs' experience is not an isolated case. The acts and omissions Safeco committed in

13

this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Safeco with regard to handling these types of claims. Safeco's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST SAFECO.

45.      Safeco is liable to Plaintiffs for breach of contract, as well as violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

46.      Safeco's conduct constitutes a breach of the insurance contract made between Safeco and Plaintiffs. Safeco's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Safeco's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

47.      Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE §541.060(a)-§541.060(a)(7). All violations under this article are made actionable by Section 541.151 of the Texas Insurance Code. *See* TEX. INS. CODE §541.151.

48.      Safeco's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, is a violation of Section 541.060(a)(1) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

49.      Safeco's unfair settlement practice, as described above, of failing to attempt in good faith

14

to effectuate a prompt, fair, and equitable settlement of the Claim, even though Safeco's liability under the Policy was reasonably clear, is a violation of Section 541.060(a)(2)(A) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

50.     Safeco's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claim, is a violation of Section 541.060(a)(3) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(3).

51.     Safeco's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, is a violation of Section 541.060(a)(4) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(4).

52.     Safeco's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, is a violation of Section 541.060(a)(7) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

53.     Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. All violations made under this article are made actionable by Section 542.060 of the Texas Insurance Code. *See* TEX. INS. CODE §542.060.

54.     Safeco's delay of the payment of Plaintiffs' claim following its receipt of all items,

statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, is a violation of Section 542.058 and constitutes a non-prompt payment of the Claim. *See* TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

55.     As referenced and described above, and with further such conduct throughout this litigation and lawsuit, Defendants De La Cruz, Knighton, and Fenimore, are agents of Safeco based on their acts during the handling of this Claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. *See* TEX. INS. CODE §4001.051.

56.     Separately, and/or in the alternative, as referenced and described above, Safeco ratified the actions and conduct of Defendants, De La Cruz, Knighton, and Fenimore, including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

57.     Because an insurer has the ability and more easily can take advantage of the insured due to an insurers exclusive control over the evaluation, processing and denial of claims, insurance companies and their policies present an inherent "unequal bargaining power." In legal terms, this unlevel playing field results in a "special relationship" between an insurer and an insured and further justifies the imposition of a common law duty on insurers to "deal fairly and in good faith with their insureds."

58.     Safeco's conduct however, as described herein, constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. Safeco failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Safeco refused to pay the full proceeds of the Policy, although due notice was made for proceeds to be paid in an amount sufficient to cover the damaged Property and to restore it. Thus, from and after the time Plaintiffs' Claim was presented to Safeco, the liability of Safeco to

pay the full Claim in accordance with the terms of the Policy was reasonably clear and there was no basis upon which a reasonable insurer would have relied to deny the full payment.

59.    Safeco's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, and to pay the full proceeds of the Policy, although, at that time, Safeco knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing. Safeco's conduct has caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid, in full, by Safeco.

## CAUSES OF ACTION AGAINST DEFENDANTS DE LA CRUZ, KNIGHTON, AND FENIMORE UNFAIR SETTLEMENT PRACTICES

60.    Safeco assigned Defendants De La Cruz and Knighton, to investigate, and subsequently, assigned Fenimore, to adjust the Claim. Defendants De La Cruz, Knighton, and Fenimore were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. Defendants De La Cruz, Knighton, and Fenimore failed to properly assess Plaintiffs' damages and the repairs needed which resulted in a grossly deficient scope and underpayment of Plaintiffs' Claim. Defendants De La Cruz, Knighton, and Fenimore also omitted covered damages from their reports, including many of Plaintiffs' interior and exterior damages, as well as a majority of Plaintiffs' content damages and additional living expenses ("ALE"). In addition to these omissions, the damages that De La Cruz, Knighton, and Fenimore did include in their estimates were severely underestimated.

61.    It is unclear as to why Defendant De La Cruz, Knighton, and Fenimore knowingly misrepresented the scope and details of Plaintiffs' damages, and Safeco's coverage of same. One fact is clear, and that is that Safeco failed to not only properly train its adjusters but in addition, failed to thoroughly review and properly oversee the work of its assigned adjusters, De La Cruz,

Knighton, and Fenimore. Nevertheless, Safeco relied on Defendants De La Cruz, Knighton, and
Fenimore's estimates and assessments and ultimately approved an improper adjustment and an
inadequate, unfair settlement of Plaintiffs' Claim.

62.     Defendants De La Cruz, Knighton, and Fenimore's conduct, upon which Safeco wholly
relied, constitutes multiple violations of the Texas Insurance Code. *See* TEX. INS. CODE
§541.060(a)-§541.060(a)(7). All violations under this article are made actionable by Section
541.151 of the Texas Insurance Code

63.     Defendants De La Cruz, Knighton, and Fenimore's are individually liable for their unfair
and deceptive acts, irrespective of the fact they were acting on behalf of Safeco, because each is a
"person" as defined by Section 541.002(2) of the Texas Insurance Code. *See* TEX. INS. CODE
§541.002(2). The term "person" is defined as "any individual, corporation, association,
partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other
legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and
health insurance counselor." *See* TEX. INS. CODE §541.002(2) (emphasis added). (*See also Liberty
Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding
an insurance company employee to be a "person" for the purpose of bringing a cause of action
against him or her under the Texas Insurance Code and subjecting him or her to individual
liability)).

64.     Falsehoods and misrepresentations may be communicated by actions as well as by the
spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants'
misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to
conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs'
damages were less severe than they in fact were; (3) using the nature of the Property to manipulate

Plaintiffs' ability to attain the Policy limits, despite accepted payments for the coverage afforded by a homeowner's policy; (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received; and (5) using incorrect ACV value instead of RCV as called for in the Policy. Defendants unfair settlement practices, as described above and by the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, is a violation of Section 541.060(a)(1) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

65.     Defendants De La Cruz, Knighton, and Fenimore's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, is a violation of Section 541.060(a)(2(A) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

66.     Defendants De La Cruz, Knighton, and Fenimore failed to explain to Plaintiffs the reasons for the offer of an inadequate settlement. Defendants De La Cruz, Knighton, and Fenimore failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Defendants De La Cruz, Knighton, and Fenimore did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' Claim. The unfair settlement practices of Defendants De La Cruz, Knighton, and Fenimore as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, is a violation of Section 541.060(a)(3) and constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(3).

67.     Defendants De La Cruz, Knighton, and Fenimore's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, is a violation of Section 541.060(a)(4) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(4).

68.     Defendants De La Cruz, Knighton, and Fenimore did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, as well as content damages, although all damages were reported by Plaintiffs to Safeco. Thus, Safeco conducted an outcome-oriented investigation of Plaintiffs' claim which investigation was unreasonable and is a violation of Section 541.060(a)(7) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

## KNOWLEDGE

69.     Each of the acts described above and herein, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

70.     Plaintiffs will show that all the acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

71.     As previously mentioned, the damages caused by hail/windstorm have not all been properly addressed or repaired in the months since, causing further damages to the Property, and causing

undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants De La Cruz, Knighton, and Fenimore's mishandling of Plaintiffs' claim in violation of the laws set forth above.

72.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, for their purchase of the Policy and which is the amount of their Claim, together with attorney's fees under Section 38.001 of the Texas Civil Practices and Remedies Code. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or Safeco has waived the same.

73.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages under Section 541.152 of the Texas Insurance Code. *See* TEX. INS. CODE §541.152.

74.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims Act, Plaintiffs are entitled to simple interest on the amount of their claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) of the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. *See* TEX. INS. CODE §542.060.

75.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

76.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage

the services of the attorneys whose names are subscribed to this pleading. Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

77.    Plaintiffs request a jury trial of all their causes of action alleged herein with a jury consisting of citizens residing in Bexar County, Texas and Plaintiffs are paying the appropriate jury fee with the filing of this petition.

## REQUEST FOR DISCLOSURE

78.    Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material requested in Rule 194.2(a)-(l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**Merlin Law Group, P.A.**

BY: */s/ Rene M. Sigman*
Rene M. Sigman, Esq.

22

State Bar No. 24037492
rmsdocket@merlinlawgroup.com
J. Ryan Fowler, Esq.
State Bar No. 24058357
rfowler@merlinlawgroup.com
515 Post Oak Blvd., Suite 510
Houston, Texas 77027
(713) 626-8880 (Office)
(713) 626-8881 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED: Russell Mayfield and Paul Welton v. Safeco Insurance Company of Indiana, et al
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** J. Ryan Fowler  **Email:** rmsdocket@merilnlawgroup.com | **Plaintiff(s)/Petitioner(s):** Russell Mayfield  Paul Welton | ☑ Attorney for Plaintiff/Petitioner  ☐ Pro Se Plaintiff/Petitioner  ☐ Title IV-D Agency  ☐ Other: |
| **Address:** 515 Post Oak Blvd., Suite 510  **Telephone:** (713)626-8880 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, Texas 77027  **Fax:** (713)626-8881 | **Defendant(s)/Respondent(s):** Safeco Insurance Company of Indiana  Mark De La Cruz, Amy Clark Knighton  and Terry Fenimore | **Custodial Parent:**  **Non-Custodial Parent:**  **Presumed Father:** |
| **Signature:** [signature]  **State Bar No:** 24058357 | *(Attach additional page as necessary to list all parties)* | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**
*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☑ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus-Pre-indictment
☐ Other:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☑ Other: Insurance

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other

**Post-Judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

FILED
11/14/2019 4:53 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Leticia Leija

## CAUSE NO. 2019CI21555

| | | |
|---|---|---|
| RUSSELL MAYFIELD AND PAUL WALTON | § | IN THE DISTRICT COURT OF |
|     Plaintiffs, | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, MARK DE LA CRUZ, | § | |
| AMY CLARK KNIGHTON, AND | § | |
| TERRY FENIMORE, | § | |
|     Defendants. | § | 408TH JUDICIAL DISTRICT |

## DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S ORIGINAL ANSWER

NOW COMES Defendant Safeco Insurance Company of Indiana and files its Original Answer, and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition and any supplemental and/or amended versions thereof pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Defendant's liability, if any, is limited to the applicable limits of the policy in question. As an affirmative defense pursuant to Texas Rule of Civil Procedure 94, Defendant pleads the limitations of its liability as stated in the applicable policy.

### III.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all

hit costs, and that Defendant be granted all other relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By:   _____

David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Defendant Safeco Insurance Company of Indiana*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Safeco Insurance Company of Indiana's Original Answer was served by facsimile and/or electronic service on the 14th day of **November 2019** upon the following counsel of record:

Ryan Fowler
Merlin Law Group, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas 77027

_____

David R. Stephens
Carrie D. Holloway

FILED
11/14/2019 4:53 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Leticia Leija

CAUSE NO. 2019CI21555

| | | |
|---|---|---|
| **RUSSELL MAYFIELD AND PAUL** | § | **IN THE DISTRICT COURT OF** |
| **WALTON** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA, MARK DE LA CRUZ,** | § | |
| **AMY CLARK KNIGHTON, AND** | § | |
| **TERRY FENIMORE,** | § | |
| **Defendants.** | § | **408TH JUDICIAL DISTRICT** |

## DEFENDANT MARK DE LA CRUZ'S ORIGINAL ANSWER

NOW COMES Defendant Mark De La Cruz and files his Original Answer, and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition and any supplemental and/or amended versions thereof pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

WHEREFORE, PREMISES CONSIDERED, Defendant Mark De La Cruz respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all hit costs, and that Defendant be granted all other relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____

David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Defendant Mark De La Cruz*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Mark De La Cruz's Original Answer was served by facsimile and/or electronic service on the **14**[th] day of **November 2019** upon the following counsel of record:

Ryan Fowler
Merlin Law Group, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas 77027

_____
David R. Stephens
Carrie D. Holloway

FILED
11/14/2019 4:53 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Leticia Leija

CAUSE NO. 2019CI21555

| | | |
|---|---|---|
| **RUSSELL MAYFIELD AND PAUL WALTON** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA, MARK DE LA CRUZ,** | § | |
| **AMY CLARK KNIGHTON, AND** | § | |
| **TERRY FENIMORE,** | § | |
| **Defendants.** | § | **408TH JUDICIAL DISTRICT** |

---

**DEFENDANT AMY CLARK KNIGHTON'S ORIGINAL ANSWER**

---

NOW COMES Defendant Amy Clark Knighton and files her Original Answer, and would respectfully show as follows:

**I.**

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition and any supplemental and/or amended versions thereof pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

**II.**

WHEREFORE, PREMISES CONSIDERED, Defendant Amy Clark Knighton respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all her costs, and that Defendant be granted all other relief, at law and in equity, to which she may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By:  _____

David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Defendant Mark De La Cruz*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Amy Clark Knighton's Original Answer was served by facsimile and/or electronic service on the **14th** day of **November 2019** upon the following counsel of record:

Ryan Fowler
Merlin Law Group, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas 77027

_____
Carrie D. Holloway

PRIVATE PROCESS

Case Number: 2019-CI-21555

2019CI21555 S00004

**RUSSELL MAYFIELD ET AL**
**VS.**
**SAFECO INSURANCE COMPANY OF INDIANA ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  TERRY FENIMORE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUEST FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  was filed on the 14th day of October, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 15TH DAY OF OCTOBER A.D., 2019.

RENE M SIGMAN
ATTORNEY FOR PLAINTIFF
515 POST OAK BLVD 750
HOUSTON, TX 77027-9462

**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

RUSSELL MAYFIELD ET AL
VS
SAFECO INSURANCE COMPANY OF INDIANA ET AL

**Officer's Return**

Case Number: 2019-CI-21555
Court: 408th Judicial District Court

I received this CITATION on _____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M at _____ or ( ) not executed because

Fees:_____ Badge/PPS #: PSC# 51655  Date certification expires:  05-31-20



_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS    4/16/19

11/19/19

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____
County

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20_____.

_____
Declarant

RETURN TO COURT (DK002)

FILED
10/14/2019 11:02 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

W/ JD                    4 CITS PPS - SAC 3

CAUSE NO. **2019CI21555**

| | | |
|---|---|---|
| RUSSELL MAYFIELD AND PAUL WALTON,<br>    Plaintiffs, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | BEXAR COUNTY, TEXAS |
| SAFECO INSURANCE COMPANY OF INDIANA, MARK DE LA CRUZ, AMY CLARK KNIGHTON, AND TERRY FENIMORE,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | 408th   JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE:**

COME NOW Russell Mayfield and Paul Walton ("Plaintiffs"), and file this *Plaintiffs' Original Petition and Request for Disclosure*, complaining of Safeco Insurance Company of Indiana, ("Safeco"), Mark De La Cruz, ("De La Cruz"), Amy Clark Knighton ("Knighton"), and Terry Fenimore ("Fenimore") (at times herein referenced collectively as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case stems from an insurance dispute arising out of a severe hail/wind storm on or about April 13, 2019, which severely damaged Plaintiffs' home in San Antonio, Texas. This case involves complex issues stemming from violations of the Texas Insurance Code and the insurance policy at issue. The parties will be involved in detailed discovery concerning claims handling practices, denial and payment of claims, including Plaintiffs' claim, and the systematic approach by Safeco and its adjusters in handling these types of property claims.

1

## PARTIES

2.      Plaintiffs **Russell Mayfield** and **Paul Walton** are individuals residing in San Antonio, Bexar County, Texas.

3.      Defendant **Safeco Insurance Company of Indiana** is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered agent for service of process, Corporation Service, 211 East 7th Street Suite 620, Austin, Texas 78701-3218.

4.      Defendant **Mark De La Cruz** is an individual residing in and domiciled in Dallas, Texas. At all times material to the allegations in this Petition, Defendant Mark De La Cruz has done business in Texas acting as an insurance adjuster. This Defendant may be served with personal process by a process server at his place of business at 13111 N. Central Expressway, Suite 500 Dallas, Texas 75243.

5.      Defendant **Amy Clark Knighton** is an individual residing in and domiciled in Houston, Texas. At all times material to the allegations in this Petition, Defendant Amy Clark Knighton has done business in Texas acting as an adjuster. This Defendant may be served with personal process by a process server at her place of business at 7718 Royan, Houston, Texas 77071.

6.      Defendant **Terry Fenimore** is an individual residing in and domiciled in the State of Texas. At all times material to the allegations in this Petition, Defendant Terry Fenimore has done business in Texas acting as an adjuster. This Defendant may be served with personal process by a process server at his place of business at 9901 W Interstate 10 Ste. 405, San Antonio, Texas 78230-1781

2

## JURISDICTION

7.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000.00. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

8.     The Court has jurisdiction over Defendant **Safeco Insurance Company of Indiana** because this Defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

9.     The Court has jurisdiction over Defendant **Mark De La Cruz** because this Defendant is an agent of Safeco and engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

10.    The Court has jurisdiction over Defendant **Amy Clark Knighton** because this Defendant is an agent of Safeco and engages in the business of insurance as an adjuster in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

11.    The Court has jurisdiction over Defendant **Terry Fenimore** because this Defendant is an agent of Safeco and engages in the business of insurance as an adjuster, claims representative or claims specialists in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

12.    Venue is proper in Bexar County, Texas, because the insured property is located in San

Antonio, Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

13.     Plaintiffs are the owners of a Homeowners' Insurance Policy (the "Policy"), issued by Safeco to insure their property located at 4 Morning Downs, San Antonio, Texas 78257-1227 ("the Property").

14.     On April 13, 2019, a severe hail/wind storm with three (3) inch hail falling in some places pounded San Antonio, Texas.

15.     Plaintiffs' Property and home sustained significant wind and hail damage, and in particular, Plaintiffs' tile roof was substantially damaged. The hail cracked tile roof shingles and windows allowing water to intrtude into the interior. Also damaged was the deck, patio, balcony, and other areas of the exterior.

16.     Plaintiffs submitted their claim to Safeco ("the Claim"). Safeco assigned adjuster Mark De La Cruz, but shortly thereafter, Safeco assigned a second adjuster, Amy Clark Knighton ("Knighton") to perform the initial investigation and inspection of Plaintiffs' Property. Knighton performed her inspection on or about April 19, 2019, but her inspection was substandard, and, in fact, she failed to even get on the roof which sustained the most serious damage of any area on the Property. Knighton either never prepared an estimate of her inspection, or if she prepared an estimate, Plaintiffs never received a copy. The only indication that this inspection actually took place were two photographs of the front of the Property that Plaintiffs' received. Both photographs show substantial roof damage.

17.     Safeco then assigned a third adjuster, Terry Fenimore to perform an investigation and inspection of the Property. Fenimore conducted an inspection on or about May 13, 2019. Fenimore's estimate failed to include the full extent of the damages. Fenimore sent a letter to

4

Plaintiffs dated May 19, 2019 concluding that the amount of damages owed under the Policy which had an RCV amount of $144,764.49 with an amount to be paid to Plaintiffs of $62,267.23.

18.     Curiously, Plaintiffs received a letter from De La Cruz on May 24, 2019, which indicated that Safeco was still investigating and adjusting Plaintiffs' Claim under a reservation of rights.

19.     On or about June 5, 2019, Safeco sent a letter to Plaintiffs, but it was incorrectly addressed to "Mr. and Ms. Mayfield." This letter stated that the damages owed for the home totaled an RCV of $100,642.01 and concluded that Plaintiffs were owed $54,720.91. Plaintiffs received a Safco check dated June 5, 2019 in the amount of $85.37 and another dated June 6, 2019 for $54,635.54. But even payment of the RCV was not an adequate amount of funds to cover the cost of repairs to all the covered damages that Plaintiffs' Property sustained.

20.     The estimate included with that June 5, 2019 letter was one that was completed by Fenimore on May 19, 2019 and totaled an RCA for the dwelling of $96,600.31. Interestingly, this estimate included the tarping costs from Plaintiffs' local contractor who had bid the roof work. However, the estimate that was included contained a bid from a Wisconsin tile manufacturer dated two weeks later on May 30, 2019 rather than the bid from Plaintiffs' local contractor.

21.     There is no question that the Policy between Plaintiffs and Safco covered the damages to Plaintiffs' Property; therefore, Plaintiffs were and are entitled to receive all Policy benefits. Furthermore, the Policy provided that Safco would pay the RCV to repair and/or replace the damages caused by the hail/windstorm which was a covered peril in the Policy. The result of Defendants' failures resulted in a significant under payment of Plaintiffs' Claim. These substandard investigations did not even meet the minimum standards of performance pursuant to industry standards in Sections 21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise. *See* TEX. ADMIN. CODE §§21.203, 21.205.

5

22.     It is clear from these facts, that Safeco, De La Cruz, Knighton, and Fenimore, set out to deny and/or underpay properly covered damages. Safeco failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped and undervalued the damages that were allowed, thus denying adequate and sufficient payment to Plaintiffs. To date, Plaintiffs have yet to receive full payment under the Policy which has caused a delay in Plaintiffs' ability to fully repair their home and, in particular, to obtain reimbursement for Plaintiffs' replacement of the tile roof. Moreover, additional damages have occurred from the lack of repair. At this point, Plaintiffs were left with little choice but to retain the services of the law firm whose signatures appear below.

23.     Compounding Safeco's failure to adequately train and supervise its adjusters, Safeco failed to adequately review its adjusters' estimates of Plaintiffs' damages as well. Rather, Safeco just blindly adopted and accepted the substandard inspections and estimates without question. In this regard, Safeco intentionally chose and adopted a business model that provided for retaining few, if any, qualified adjusters and employees or retaining any qualified outside adjusters to perform Safeco's non-delegable duties of investigating the Claims in accordance with applicable Texas law. Further, it is equally as clear, that Safeco either had no procedures or had inadequate procedures to monitor or regularly audit the work product of its adjusters and Claims personnel.

24.     By wrongfully denying proper payments to Plaintiffs and wholly failing to properly handle Plaintiffs' Claim, Safeco breached the duty of good faith and fair dealing owed to Plaintiffs as an insured in an insurance contract with Safeco. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). The concept of good faith and fair dealing is based in large part on the parties' special relationship formed from the parties' "unequal bargaining power." Insurers, like Safeco, have the ability to

6

more easily take advantage of policyholders like Plaintiffs, due to an insurer's exclusive control over the evaluation, processing and denial of claims. This unlevel playing field between an insurer and its policyholders further justifies the imposition of a common-law duty on insurers to deal fairly and in good faith with their policyholders which Safeco breached in failing to deal fairly and in good faith with Plaintiffs.

25. Safeco's conduct was not only a breach of its common law duty to deal fairly and in good faith with Plaintiffs based on this "special relationship" between the parties, but also constitutes a breach of the insurance contract between Safeco and Plaintiffs. Over a century ago, Justice Learned Hand wrote: "[a] contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent." *Hotchkiss v. Nat'l City Bank*, 200 F. 287, 293 (S.D.N.Y. 1911). The insurance Policy in effect between Plaintiffs and Safeco is a contract wherein the insurance company, Safeco, offers to provide insurance coverage and services associated therewith in exchange for the policyholder's payment of annual premiums in consideration of the contract. Texas law recognizes a cause of action for breach of contact. Pursuant to Texas law, either party to the contract can initiate legal action against the other party for violations of that contract that causes damages. A breach of contract claim is distinct and independent from a tort claim such as a breach of the duty of good faith and fair dealing or a violation of statutory or other extra-contractual claims. Tort and contract claims are separate and independent, yet they are factually interwoven, and the same evidence is often admissible on both types of claims in an insurance policy.

26. Safeco's conduct also constitutes the commission of a tort for its violation of the Texas Insurance Code. Here, in Texas, the vast majority of insurance policies, including Safeco's Policy contract with Plaintiffs, do not contain provisions to account for an insurance company's and/or

7

its representatives' (potentially improper) tort acts or omissions undertaken through their handling of a claim. It cannot be denied that such conduct has a detrimental effect on policyholders, like Plaintiffs here, when a claim is unnecessarily drawn out and then ends with a poor result. To account for such tort acts and omissions that fall outside the four-corners of the contract language (but nonetheless affect the claim and/or detrimentally harm the policyholder), the Texas Legislature specifically created and enacted the Texas Insurance Code to protect consumers and regulate insurance professionals, like Safeco. Chapters 541 and 542 of the Texas Insurance Code include duties and obligations that any person or entity engaged in the business of insurance in the State of Texas must follow. Those duties and obligations are wholly independent of those to which an insurer may be contractually responsible. Specifically, Chapter 541 of the Texas Insurance Code states that, "the purpose of this chapter is to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." Chapters 541 and 542 of the Texas Insurance Code describe various claims settlement practices, among extensive other rules and requirements that anyone conducting the business of insurance in the State of Texas must not engage in or undertake. Insurance policies in Texas, such as Plaintiffs' Policy with Safeco, which gives rise to a breach of contract claim, are silent as to these statutory provisions which give rise to a tort claim. These two bodies of law (contract and tort) are entirely independent areas of the law with independent issues, under independent bodies of law with unique causes of action and damages.

27.     Safeco committed a tort when it violated the Texas Insurance Code by misrepresenting to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Safeco further committed a tort when it violated the

8

Texas Insurance Code by initially undervaluing and under-scoping the damages Plaintiffs incurred. Safeco's misrepresentations caused Plaintiffs to suffer "actual damages" which, under the Insurance Code, are those recoverable at common law and which include benefit-of-the-bargain damages, commonly referred to as "policy benefits," which signify the difference of the value represented and the value received. Safeco's conduct as described above and herein, constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(1).

28.     Policyholders, like Plaintiffs, can recover actual damages which are the "policy benefits" for extra-contractual claims such as Chapter 541 violations under the Texas Insurance Code and for commission of other bad faith claims. Plaintiffs, therefore, are entitled to recover policy benefits which are the actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

29.     Safeco also failed to make an attempt to settle Plaintiffs' Claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Safeco's conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(2)(A). Safeco's conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially, in full, by Safeco, but were not. Plaintiffs, therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

30.     In addition, Safeco failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement and failed to explain the reason why full payment was not being made. Furthermore, Safeco neither communicated that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure

9

to adequately settle Plaintiffs' Claim. Safeco's conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(3). Safeco's conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially by Safeco, in full. Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

31.     Furthermore, Safeco failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive time indication of acceptance or rejection, regarding the full and entire Claim, in writing from Safeco. Safeco's conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(4). Safeco's conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially by Safeco, in full. Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

32.     Finally, Safeco, refused to fully compensate Plaintiffs under the terms of the Policy, and further failed to conduct a reasonable investigation. Specifically, Safeco performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in an unfair and inequitable evaluation of Plaintiffs' losses on the Property. Safeco's conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(7). Thus, Safeco's conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially, in full, by Safeco. Plaintiffs, therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

33.     After receiving notice of Plaintiffs' Claim, Safeco failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' Claim, beginning an investigation of Plaintiffs' Claim, and requesting all information reasonably necessary to investigate Plaintiffs' Claim within the statutorily mandated time of receiving notice of Plaintiffs' Claim. Safeco's conduct is a violation of Section 542.055 of the Texas Insurance Code Prompt Payment Claims Act. *See* TEX. INS. CODE §542.055. Safeco's conduct caused Plaintiffs to suffer actual damages which constitutes the loss of Policy benefits to which they were entitled, and which should have been paid by Safeco. Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

34.     Safeco failed to accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time of receiving all necessary information. Safeco's conduct constitutes a violation of Section 542.056 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.056. Safeco's conduct caused Plaintiffs to suffer actual damages which constitutes the loss of Policy benefits to which they were entitled, and which should have been paid, in full, by Safeco. Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

35.     Safeco failed to meet its obligations under the Texas Insurance Code regarding payment of Plaintiffs' Claim without delay. Specifically, Safeco delayed full payment of Plaintiffs' Claim longer than allowed, and, to date, Plaintiffs have not received full payment of their Claim. Safeco's conduct constitutes a violation of Section 542.058 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.058. As a result of Safeco's violation of this section of the Texas Insurance Code, Plaintiffs have lost Policy benefits to which they were entitled, and which should have been paid, in full, by Safeco's timely. Plaintiffs, therefore, are entitled to

11

recover Policy benefits as their actual damages for Safeco's violation of this section of the Texas Insurance Code. *Id.*

36.     Defendants, Safeco, De La Cruz, Knighton, and Fenimore, misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Safeco. De La Cruz, Knighton, and Fenimore, conduct constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(1).

37.     Defendants Safeco, De La Cruz, Knighton, and Fenimore, failed to make an attempt to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Safeco, De La Cruz, Knighton, and Fenimore, conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendants Safeco, De La Cruz, Knighton, and Fenimore, failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Defendants Safeco, De La Cruz, Knighton, and Fenimore failed to offer Plaintiffs adequate compensation, without any explanation of why full payment was not being made. Defendants Safeco, De La Cruz, Knighton, and Fenimore, did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' Claim.  Defendants Safeco, De La Cruz, Knighton, and Fenimore's conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(3).

39.     Defendants Safeco, De La Cruz, Knighton, and Fenimore, failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive timely

12

indication of acceptance or rejection, regarding the full and entire Claim, in writing from Defendants Safeco, De La Cruz, Knighton, and Fenimore. Defendants Safeco, De La Cruz, Knighton, and Fenimore's conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(4).

40.    Defendants Safeco, De La Cruz, Knighton, and Fenimore, refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Safeco, De La Cruz, Knighton, and Fenimore failed to conduct a reasonable investigation. Specifically, Defendants Safeco, De La Cruz, Knighton, and Fenimore performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Safeco, De La Cruz, Knighton, and Fenimore's conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(7).

41.    From the time Plaintiffs' Claim was presented to Safeco, the liability of Safeco to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Safeco has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing.

42.    Defendants Safeco, De La Cruz, Knighton, and Fenimore, knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed from Plaintiffs all or part of such material information.

43.    Defendants Safeco, De La Cruz, Knighton, and Fenimore's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

44.    Plaintiffs' experience is not an isolated case. The acts and omissions Safeco committed in

13

this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Safeco with regard to handling these types of claims. Safeco's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST SAFECO

45.    Safeco is liable to Plaintiffs for breach of contract, as well as violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

46.    Safeco's conduct constitutes a breach of the insurance contract made between Safeco and Plaintiffs. Safeco's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Safeco's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

47.    Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. See TEX. INS. CODE §541.060(a)-§541.060(a)(7). All violations under this article are made actionable by Section 541.151 of the Texas Insurance Code. See TEX. INS. CODE §541.151.

48.    Safeco's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, is a violation of Section 541.060(a)(1) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. See TEX. INS. CODE §541.060(a)(1).

49.    Safeco's unfair settlement practice, as described above, of failing to attempt in good faith

to effectuate a prompt, fair, and equitable settlement of the Claim, even though Safeco's liability under the Policy was reasonably clear, is a violation of Section 541.060(a)(2)(A) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

50.    Safeco's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claim, is a violation of Section 541.060(a)(3) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(3).

51.    Safeco's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, is a violation of Section 541.060(a)(4) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(4).

52.    Safeco's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, is a violation of Section 541.060(a)(7) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

53.    Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. All violations made under this article are made actionable by Section 542.060 of the Texas Insurance Code. *See* TEX. INS. CODE §542.060.

54.    Safeco's delay of the payment of Plaintiffs' claim following its receipt of all items,

15

statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, is a violation of Section 542.058 and constitutes a non-prompt payment of the Claim. *See* TEX. INS. CODE §542.058.

**ACTS CONSTITUTING ACTING AS AGENT**

55.    As referenced and described above, and with further such conduct throughout this litigation and lawsuit, Defendants De La Cruz, Knighton, and Fenimore, are agents of Safeco based on their acts during the handling of this Claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. *See* TEX. INS. CODE §4001.051.

56.    Separately, and/or in the alternative, as referenced and described above, Safeco ratified the actions and conduct of Defendants, De La Cruz, Knighton, and Fenimore, including the completion of their duties under the common law and statutory law.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

57.    Because an insurer has the ability and more easily can take advantage of the insured due to an insurers exclusive control over the evaluation, processing and denial of claims, insurance companies and their policies present an inherent "unequal bargaining power." In legal terms, this unlevel playing field results in a "special relationship" between an insurer and an insured and further justifies the imposition of a common law duty on insurers to "deal fairly and in good faith with their insureds."

58.    Safeco's conduct however, as described herein, constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. Safeco failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Safeco refused to pay the full proceeds of the Policy, although due notice was made for proceeds to be paid in an amount sufficient to cover the damaged Property and to restore it. Thus, from and after the time Plaintiffs' Claim was presented to Safeco, the liability of Safeco to

16

pay the full Claim in accordance with the terms of the Policy was reasonably clear and there was no basis upon which a reasonable insurer would have relied to deny the full payment.

59.     Safeco's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, and to pay the full proceeds of the Policy, although, at that time, Safeco knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing. Safeco's conduct has caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid, in full, by Safeco.

### CAUSES OF ACTION AGAINST DEFENDANTS DE LA CRUZ, KNIGHTON, AND FENIMORE UNFAIR SETTLEMENT PRACTICES

60.     Safeco assigned Defendants De La Cruz and Knighton, to investigate, and subsequently, assigned Fenimore, to adjust the Claim. Defendants De La Cruz, Knighton, and Fenimore were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. Defendants De La Cruz, Knighton, and Fenimore failed to properly assess Plaintiffs' damages and the repairs needed which resulted in a grossly deficient scope and underpayment of Plaintiffs' Claim. Defendants De La Cruz, Knighton, and Fenimore also omitted covered damages from their reports, including many of Plaintiffs' interior and exterior damages, as well as a majority of Plaintiffs' content damages and additional living expenses ("ALE"). In addition to these omissions, the damages that De La Cruz, Knighton, and Fenimore did include in their estimates were severely underestimated.

61.     It is unclear as to why Defendant De La Cruz, Knighton, and Fenimore knowingly misrepresented the scope and details of Plaintiffs' damages, and Safeco's coverage of same. One fact is clear, and that is that Safeco failed to not only properly train its adjusters but in addition, failed to thoroughly review and properly oversee the work of its assigned adjusters, De La Cruz,

17

Knighton, and Fenimore. Nevertheless, Safeco relied on Defendants De La Cruz, Knighton, and

Fenimore's estimates and assessments and ultimately approved an improper adjustment and an

inadequate, unfair settlement of Plaintiffs' Claim.

62.     Defendants De La Cruz, Knighton, and Fenimore's conduct, upon which Safeco wholly

relied, constitutes multiple violations of the Texas Insurance Code. *See* TEX. INS. CODE

§541.060(a)-§541.060(a)(7). All violations under this article are made actionable by Section

541.151 of the Texas Insurance Code

63.     Defendants De La Cruz, Knighton, and Fenimore's are individually liable for their unfair

and deceptive acts, irrespective of the fact they were acting on behalf of Safeco, because each is a

"person" as defined by Section 541.002(2) of the Texas Insurance Code. *See* TEX. INS. CODE

§541.002(2). The term "person" is defined as "any individual, corporation, association,

partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other

legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and

health insurance counselor." *See* TEX. INS. CODE §541.002(2) (emphasis added). (*See also Liberty

Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding

an insurance company employee to be a "person" for the purpose of bringing a cause of action

against him or her under the Texas Insurance Code and subjecting him or her to individual

liability)).

64.     Falsehoods and misrepresentations may be communicated by actions as well as by the

spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants'

misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to

conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs'

damages were less severe than they in fact were; (3) using the nature of the Property to manipulate

18

Plaintiffs' ability to attain the Policy limits, despite accepted payments for the coverage afforded by a homeowner's policy; (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received; and (5) using incorrect ACV value instead of RCV as called for in the Policy. Defendants unfair settlement practices, as described above and by the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, is a violation of Section 541.060(a)(1) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

65.    Defendants De La Cruz, Knighton, and Fenimore's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, is a violation of Section 541.060(a)(2(A) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

66.    Defendants De La Cruz, Knighton, and Fenimore failed to explain to Plaintiffs the reasons for the offer of an inadequate settlement. Defendants De La Cruz, Knighton, and Fenimore failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Defendants De La Cruz, Knighton, and Fenimore did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' Claim. The unfair settlement practices of Defendants De La Cruz, Knighton, and Fenimore as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, is a violation of Section 541.060(a)(3) and constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(3).

67.     Defendants De La Cruz, Knighton, and Fenimore's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, is a violation of Section 541.060(a)(4) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(4).

68.     Defendants De La Cruz, Knighton, and Fenimore did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, as well as content damages, although all damages were reported by Plaintiffs to Safeco. Thus, Safeco conducted an outcome-oriented investigation of Plaintiffs' claim which investigation was unreasonable and is a violation of Section 541.060(a)(7) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

## KNOWLEDGE

69.     Each of the acts described above and herein, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

70.     Plaintiffs will show that all the acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

71.     As previously mentioned, the damages caused by hail/windstorm have not all been properly addressed or repaired in the months since, causing further damages to the Property, and causing

20

undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants De La Cruz, Knighton, and Fenimore's mishandling of Plaintiffs' claim in violation of the laws set forth above.

72.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, for their purchase of the Policy and which is the amount of their Claim, together with attorney's fees under Section 38.001 of the Texas Civil Practices and Remedies Code. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or Safeco has waived the same.

73.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages under Section 541.152 of the Texas Insurance Code. *See* TEX. INS. CODE §541.152.

74.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims Act, Plaintiffs are entitled to simple interest on the amount of their claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) of the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. *See* TEX. INS. CODE §542.060.

75.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

76.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage

21

the services of the attorneys whose names are subscribed to this pleading. Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

77.    Plaintiffs request a jury trial of all their causes of action alleged herein with a jury consisting of citizens residing in Bexar County, Texas and Plaintiffs are paying the appropriate jury fee with the filing of this petition.

## REQUEST FOR DISCLOSURE

78.    Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material requested in Rule 194.2(a)-(l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**Merlin Law Group, P.A.**

BY: */s/ Rene M. Sigman*
      Rene M. Sigman, Esq.

22

State Bar No. 24037492
rmsdocket@merlinlawgroup.com
J. Ryan Fowler, Esq.
State Bar No. 24058357
rfowler@merlinlawgroup.com
515 Post Oak Blvd, Suite 510
Houston, Texas 77027
(713) 626-8880 (Office)
(713) 626-8881 (Facsimile)


**ATTORNEYS FOR PLAINTIFFS**

23

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Russell Mayfield and Paul Walton v. Safeco Insurance Company of Indiana, et al

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** J. Ryan Fowler<br>**Email:** rmsdocket@merlinlawgroup.com | **Plaintiff(s)/Petitioner(s):**<br>**Russell Mayfield**<br><br>Paul Walton | ☑ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 515 Post Oak Blvd., Suite 510<br>**Telephone:** (713)626-8880 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, Texas 77027<br>**Fax:** (713)626-8881 | **Defendant(s)/Respondent(s):**<br>Safeco Insurance Company of Indiana<br><br>Mark De La Cruz, Amy Clark Knighton<br><br>and Terry Fenimore | **Custodial Parent:**<br><br>**Non-Custodial Parent:**<br><br>**Presumed Father:** |
| **Signature:** [signature]<br>**State Bar No:** 24058357 | *(Attach additional page as necessary to list all parties)* | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☑ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☑ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☑ Other: Insurance | | |

| Probate & Mental Health | | |
|---|---|---|
| *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | |

**Tax**<br>☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-Judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☑ Over $100,000 but not more than $200,000
☑ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

FILED
12/13/2019 8:25 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Leticia Leija

CAUSE NO. 2019CI21555

| | | |
|---|---|---|
| RUSSELL MAYFIELD AND PAUL WALTON | § | IN THE DISTRICT COURT OF |
|     Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, MARK DE LA CRUZ, | § | |
| AMY CLARK KNIGHTON, AND | § | |
| TERRY FENIMORE, | § | |
|     Defendants. | § | 408TH JUDICIAL DISTRICT |

**DEFENDANT AMY TERRY FENIMORE'S ORIGINAL ANSWER**

NOW COMES Defendant Terry Fenimore and files his Original Answer, and would respectfully show as follows:

I.

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition and any supplemental and/or amended versions thereof pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

II.

WHEREFORE, PREMISES CONSIDERED, Defendant Terry Fenimore respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all his costs, and that Defendant be granted all other relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Defendant Terry Fenimore*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Terry Fenimore's Original Answer was served by facsimile and/or electronic service on the **13**th day of **December 2019** upon the following counsel of record:

Ryan Fowler
Merlin Law Group, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas 77027

_____
Carrie D. Holloway

FILED
1/23/2020 11:25 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Adrianna Cardenas

CAUSE NO. 2019CI21555

| | | |
|---|---|---|
| RUSSELL MAYFIELD AND PAUL WALTON | § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | BEXAR COUNTY, TEXAS |
| SAFECO INSURANCE COMPANY OF INDIANA, MARK DE LA CRUZ, AMY CLARK KNIGHTON, AND TERRY FENIMORE, | § § § § § | |
| Defendants. | § | 408TH JUDICIAL DISTRICT |

**MOTION TO DISMISS WITH PREJUDICE**

Defendants Mark De La Cruz, Amy Clark Knighton and Terry Fenimore file their Motion to Dismiss with Prejudice and will show the Court as follows:

On January 22, 2020, pursuant to Texas Insurance Code section 542A.006(a), Safeco Insurance Company of Indiana served Plaintiffs' counsel with correspondence electing to accept whatever liability De La Cruz, Knighton, and Fenimore might have to Plaintiffs for their acts or omissions related to the insurance claim made the basis of this lawsuit. *See* Exhibit A. As a result, Plaintiff's causes of action against De La Cruz, Knighton and Fenimore must be dismissed pursuant to Texas Insurance Code section 542A.006(c) which provides as follows:

> (c)    If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.

Based on the foregoing, De La Cruz, Knighton and Fenimore are entitled to dismissal with prejudice of all Plaitniffs' claims against them.

WHEREFORE, Defendants Mark De La Cruz, Amy Clark Knighton and Terry Fenimore respectfully request that their Motion to Dismiss be granted with prejudice and for all other such relief, in law or in equity, to which they may be entitled.

Respectfully submitted,

LINDOW STEPHENS TREAT LLP

By: _____

David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss was served by facsimile and/or electronic service on the **23rd** day of **January 2020** upon the following counsel of record:

Ryan Fowler
Merlin Law Group, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas 77027

_____

David R. Stephens
Carrie D. Holloway

2

# Exhibit  A

E-SERVICE
374321
1/22/2020
5:58:46 PM
File & Serve Texas

# LINDOW ▪ STEPHENS ▪ TREAT LLP

### ATTORNEYS

TELEPHONE: (210) 227-2200
FACSIMILE:  (210) 227-4602

ONE RIVERWALK PLACE
700 N ST. MARY'S STREET, SUITE 1700
SAN ANTONIO, TEXAS 78205

CHOLLOWAY@LSTLAW.COM

January 22, 2020

***Via electronic mail***
Ryan Fowler
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas 77027

      Re:    Cause No. 2019CI21555; *Russell Mayfield and Paul Walton vs. Safeco Insurance Company of Indiana, Mark De La Cruz, Amy Clark Knighton, and Terry Fenimore*; In the 408th Judicial District Court, Bexar County, Texas.

Dear Mr. Fowler:

      This letter serves to confirm what we discussed. Specifically, pursuant to Texas Insurance Code Section 542A.006, Defendant Safeco Insurance Company of Indiana hereby elects to accept whatever liability Amy Clark Knighton might have to claimants for Ms. Knighton's acts or omissions related to the claim.

      Very truly yours,

Carrie D. Holloway

# LINDOW ▪ STEPHENS ▪ TREAT LLP

### ATTORNEYS

TELEPHONE: (210) 227-2200
FACSIMILE:  (210) 227-4602

ONE RIVERWALK PLACE
700 N ST. MARY'S STREET, SUITE 1700
SAN ANTONIO, TEXAS 78205

CHOLLOWAY@LSTLAW.COM

January 22, 2020

*Via electronic mail*
Ryan Fowler
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas 77027

Re:     Cause No. 2019CI21555; *Russell Mayfield and Paul Walton vs. Safeco Insurance Company of Indiana, Mark De La Cruz, Amy Clark Knighton, and Terry Fenimore*; In the 408th Judicial District Court, Bexar County, Texas.

Dear Mr. Fowler:

Pursuant to Texas Insurance Code Section 542A.006, Defendant Safeco Insurance Company of Indiana hereby elects to accept whatever liability Mark De La Cruz, Amy Clark Knighton and Terry Fenimore might have to Plaintiffs for their acts or omissions related to the claim made the basis of the above-referenced lawsuit. Attached for your convenience is a Motion and Order of dismissal for the three individual defendants. Please sign the Order where indicated and return to me at your earliest convenience for filing.

If you have any questions or if you would like to discuss this matter, please do not hesitate to contact me.

Very truly yours,

Carrie D. Holloway

# LINDOW ▪ STEPHENS ▪ TREAT LLP

### ATTORNEYS

TELEPHONE: (210) 227-2200
FACSIMILE:  (210) 227-4602

ONE RIVERWALK PLACE
700 N ST. MARY'S STREET, SUITE 1700
SAN ANTONIO, TEXAS 78205

CHOLLOWAY@LSTLAW.COM

January 22, 2020

*Via electronic mail*
Ryan Fowler
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas 77027

        Re:    Cause No. 2019CI21555; *Russell Mayfield and Paul Walton vs. Safeco Insurance Company of Indiana, Mark De La Cruz, Amy Clark Knighton, and Terry Fenimore*; In the 408th Judicial District Court, Bexar County, Texas.

Dear Mr. Fowler:

        This letter serves to confirm what we discussed. Specifically, pursuant to Texas Insurance Code Section 542A.006, Defendant Safeco Insurance Company of Indiana hereby elects to accept whatever liability Terry Fenimore might have to claimants for Mr. Fenimore's acts or omissions related to the claim.

        Very truly yours,

        Carrie D. Holloway



CAUSE NO. 2019CI21555

| | | |
|---|---|---|
| RUSSELL MAYFIELD AND PAUL WALTON | § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | BEXAR COUNTY, TEXAS |
| SAFECO INSURANCE COMPANY OF INDIANA, MARK DE LA CRUZ, AMY CLARK KNIGHTON, AND TERRY FENIMORE, | § § § § § | |
| Defendants. | § | 408TH JUDICIAL DISTRICT |

## UNOPPOSED ORDER OF DISMISSAL WITH PREJUDICE

The Court having reviewed Defendants Mark De La Cruz, Amy Clark Knighton and Terry

Fenimore Motion to Dismiss pursuant to Texas Insurance Code Section 542A.00 (c) and

considered the evidence and argument of counsel finds that the Motion should be GRANTED.

It is therefore ORDERED that all claims brought by Russell Mayfield and Paul Walton

against Defendants Mark De La Cruz, Amy Clark Knighton, and Terry Fenimore, are HEREBY

dismissed with prejudice.

Costs of court are taxed against the party incurring same and all relief not granted herein

is denied.

This dismissal order disposes of all claims and causes of action asserted against Defendants

Mark De La Cruz, Amy Clark Knighton, and Terry Fenimore and is a final judgment.

SIGNED this _____ day of ___FEB 0 7 2020___, 2020.

David A. Canales
Presiding Judge
73rd District Court
Bexar County, Texas
_____
JUDGE PRESIDING

3

APPROVED as to FORM:

MERLIN LAW GROUP, P.A.

By: _____ by permission
Ryan Fowler
State Bar No. 24058357
515 Post Oak Blvd., Suite 510
Houston, Texas 77027
(713) 626-8880 (telephone)
(713) 626-8881 (facsimile)
jrfowler@merlinlawgroup.com

*Counsel for Plaintiffs*

LINDOW STEPHENS TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Defendants*

4

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RUSSELL MAYFIELD AND PAUL** | § | |
| **WALTON** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **Civil Action No.** |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **INDIANA,** | § | |
| **Defendants** | § | |

---

**LIST OF ALL COUNSEL OF RECORD**

---

<u>Party</u>                                    <u>Attorney(s)</u>

Plaintiffs:
Russell Mayfield                        Ryan Fowler, Esq.
Paul Walton                             MERLIN LAW GROUP, P.A.
                                        515 Post Oak Blvd., Suite 510
                                        Houston, Texas 77027
                                        Tel: 713-626-8880
                                        Fax: 713-626-8881
                                        jrfowler@MerlinLawGroup.com


Defendant:
Safeco Insurance Company of Indiana     David R. Stephens
                                        State Bar No. 19146100
                                        Carrie Holloway
                                        State Bar No. 24028270
                                        LINDOW STEPHENS TREAT LLP
                                        One Riverwalk Place
                                        700 N. St. Mary's Street, Suite 1700
                                        San Antonio, Texas 78205
                                        Telephone: 210.227.2200
                                        Facsimile: 210.227.4602
                                        dstephens@lstlaw.com
                                        cholloway@lstlaw.com

# Exhibit C

Bexar Diversified MF-1, LLC v. General Star Indemnity Company, Slip Copy (2019)

2019 WL 6131455
Only the Westlaw citation is currently available.
United States District Court, W.D.
Texas, San Antonio Division.

BEXAR DIVERSIFIED MF-1, LLC, Plaintiff
v.
GENERAL STAR INDEMNITY COMPANY,
Paul R. White and Company Inc., Defendants

SA-19-CV-00773-XR
|
Signed 11/18/2019

**Attorneys and Law Firms**

Clare Pace Rodgers, Pace Rodgers Law, P.L.L.C., San Antonio, TX, for Plaintiff.

Lindsey Pratt Bruning, Kristin C. Cummings, Zelle LLP, Dallas, TX, for Defendants.

**ORDER**

XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE

\*1  On this day, the Court considered Plaintiff's Motion to Remand (ECF No. 4) and Defendant General Star Indemnity Company's ("General Star") Response (ECF No. 8). After careful consideration, Plaintiff's motion is DENIED.

**BACKGROUND**

This is an insurance dispute case that began on May 1, 2019, when Plaintiff filed its Original Petition in the 438th Judicial District Court, Bexar County, Texas. In its Original Petition, Plaintiff alleged that its commercial properties located in San Antonio, Texas and insured by a policy issued by General Star were damaged by hail and wind in April 2016. Plaintiff alleges that it submitted a claim to General Star for the damages, that Defendant Paul R. White and Company Inc. ("White") was assigned to investigate Plaintiff's claim, and that Defendants failed to properly value and pay Plaintiff's covered losses. Plaintiff alleges that General Star is liable for breach of contract and breach of the duty of good faith and fair dealing, and that both Defendants committed violations

of Sections 541 and 542 of the Texas Insurance Code and of the Texas Deceptive Trade Practices Act.

Defendants filed their Original Answer on July 1, 2019. The following day, General Star removed the case to this Court, asserting diversity jurisdiction. ECF No. 1. In its Notice of Removal, General Star elected to accept whatever liability White may have to Plaintiff for White's acts or omissions related to Plaintiff's claim. *Id.* ¶ 9. Plaintiff timely moved to remand. ECF No. 4. The parties do not dispute that the amount in controversy exceeds the jurisdictional threshold of $75,000.

They do, however, disagree whether there is complete diversity of citizenship. According to General Star, it is a citizen of Delaware and Connecticut, Plaintiff is a citizen of Texas, and White's citizenship (also Texas) should not be considered because it is an improperly joined party. Plaintiff argues that General Star has not carried its burden to prove improper joinder, and that therefore there is not complete diversity and this Court lacks subject matter jurisdiction. Plaintiff's Motion to Remand implicates complicated and unsettled questions of the effect of a Texas Insurance Code provision on diversity and removal jurisdiction. The Court will provide context for both before proceeding to analyze Plaintiff's motion.

**DISCUSSION**

**I. Diversity and Removal Jurisdiction**

Congress conferred on the federal district courts original jurisdiction where the matter in controversy exceeds $75,000 and is between "citizens of different States" in order to "prevent apprehended discrimination in state courts" against out-of-state litigants. 28 U.S.C. § 1332(a); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 74 (1938). Congress also provided a mechanism for a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court where such action is pending, but a civil action "otherwise removable solely on the basis of [diversity] jurisdiction ... may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §§ 1441(a), (b)(2).

\*2  Courts have interpreted Section 1332(a) to require "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The

Bexar Diversified MF-1, LLC v. General Star Indemnity Company, Slip Copy (2019)

judicially created doctrine of improper joinder "constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). If a court finds that a non-diverse defendant has been improperly joined, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Where there is no allegation of fraud in the pleadings, a court proceeds under the second prong of this test to assess whether the plaintiff has a "reasonable basis of recovery under state law" against the non-diverse defendant. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Courts in the Fifth Circuit apply a "12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis of recovery. *Id.* If a plaintiff has not stated a claim for relief against a non-diverse defendant, then that defendant was improperly joined, and the court may disregard their citizenship. *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018).

The removing party bears the burden of establishing federal jurisdiction and of proving improper joinder. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Madison v. Vintage Petroleum, Inc.*, 114 F.3d 514, 516 (5th Cir. 1997). In evaluating whether a party is improperly joined, a court must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).

## II. Texas Insurance Code Section 542A.006

On September 1, 2017, new provisions of the Texas Insurance Code took effect. Among them was Section 542A.006, which provides that in any action to which Chapter 542A applies,[1] "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE § 542A.006(a). Regardless of whether the insurer makes an election "before a claimant files an action" or "thereafter," the result is the same: "the court shall dismiss" the action

against the agent with prejudice. *Compare* TEX. INS. CODE § 542A.006(b) *with* § 542A.006(c). The only difference the timing of the election makes is that when it is made pre-suit, "no cause of action exists" against the agent. TEX. INS. CODE § 542A.006(b). In any case, an insurer "may not revoke, and a court may not nullify, an insurer's election." TEX. INS. CODE § 542A.006(f). The statute does not require the insurer's written notice of the election to be made in any particular form, nor does it require the insurer to take any steps other than the election in order for the court to dismiss the action against the agent. *See generally* TEX. INS. CODE § 542A.006.

## III. Split Authority on Section 542A.006's Effect on Removability

**\*3** Since Section 542A.006 came into effect, there has been much litigation over the effect of an insurer's election on diversity and removal jurisdiction. The "novel question" raised by Section 542A.006 is this: if an out-of-state insurer is sued by a Texas insured, and the insurer elects to accept liability for a non-diverse agent (thus requiring the agent's dismissal per Section 542A.006), may a federal court disregard the non-diverse agent's citizenship and exercise diversity jurisdiction? *See Stephens v. Safeco Ins. Co. of Ind.*, No. 4:18-CV-00595, 2019 WL 109395, at \*1 (E.D. Tex. Jan. 4, 2019) (describing amendment as spawning a "novel question regarding removal based on diversity of citizenship.") The answer seems to be "maybe" and "it depends."

This Court has previously held, and no one seems to disagree, that when an insurer makes its election before an insured files suit, no cause of action exists against the agent, and if the insured later names the agent as a non-diverse defendant the court may disregard that agent's citizenship for purposes of diversity jurisdiction. *Electro Grafix Corps. v. Acadia Ins. Co.*, No. SA-18-CA-589-XR, 2018 WL 3865416 (W.D. Tex. Aug. 14, 2018) (denying motion to remand); *see also McAdams v. Palomar Specialty Ins. Co.*, No. 1:18-CV-633, 2019 WL 2553616, at \*7 (E.D. Tex. May 29, 2019), *report and recommendation adopted*, No. 1:18-CV-633, 2019 WL 2565669 (E.D. Tex. June 20, 2019) (same); *Ewell v. Centauri Specialty Ins. Co.*, No. CV H-19-1415, 2019 WL 2502016, at \*3 (S.D. Tex. June 17, 2019); *Vyas v. Atain Specialty Ins. Co.*, 380 F.Supp.3d 609 (S.D. Tex. May 15, 2019) (same); *Greatland Inv., Inc. v. Mt. Hawley Ins. Co.*, No. CV H-19-1212, 2019 WL 2120854, at \*4 (S.D. Tex. May 15, 2019) (same).

Bexar Diversified MF-1, LLC v. General Star Indemnity Company, Slip Copy (2019)

There is disagreement, though, when an insurer elects to accept liability at any time _after_ the insured files suit. On the one hand, this Court and two others have previously found a non-diverse defendant to be improperly joined following an insurer's post-suit election. _Flores v. Allstate Vehicle & Prop. Ins. Co. Co._, No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018) (denying remand); _Yan Qing Jiang v. Travelers Home & Marine Ins. Co._, No. 1:18-CV-758-RP, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2018) (Pitman, J.) (same); _Solares v. Allstate Vehicle & Prop. Ins._, No. 5:19-CV-00027, 2019 WL 3253072, at *2 (finding improper joinder but remanding because amount-in-controversy requirement not met). This Court and those that have aligned with it reason that "even when a plaintiff asserts viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent." _Flores_, 2018 WL 5695553, at *5.

On the other hand, this Court acknowledges that since _Flores_, other federal district courts in Texas have disagreed and held that an insurer's post-suit election does not render a non-diverse defendant improperly joined. _See, e.g._, _River of Life Assembly of God v. Church Mut. Ins. Co._, 1:19-CV-49-RP, 2019 WL 1767339, at *5 (W.D. Tex. Apr. 22, 2019) (Pitman, J.) (granting motion to remand); _Stephens_, 2019 WL 109395, at *7 (same); _Williams v. Allstate Vehicle & Prop. Ins. Co._, No. 3:19-CV-0320-N, 2019 WL 3304684, at *3 (N.D. Tex. July 23, 2019) (same); _Yarco Trading Co., Inc. v. United Fire & Cas. Co._, 397 F. Supp. 3d 939, 949 (S.D. Tex. 2019) (same and collecting cases). This line of cases reasons that when an insurer elects to accept liability _after_ a suit has been filed, then the joinder of the non-diverse defendant was not improper _at the time_ the suit was filed. Thus, even though there is no possibility a plaintiff will recover against the non-diverse defendant in state court following an insurer's post-suit election, these courts have declined to find improper joinder and granted remand.

**\*4** This Court respectfully disagrees with the latter line of reasoning. The simplicity of the mantra that "improper joinder must be improper at the time of the joinder" may seem alluring at first blush. _See Stephens_, 2019 WL 109395, at *5. However, this Court finds no basis for such a proposition in Fifth Circuit law.[2] The district court judges granting remand cite to the Fifth Circuit's opinion in _Smallwood_. _See Stephens_, 2019 WL 109395, at *5 (rejecting insurer's improper joinder

claim as not "reasonable under the law or logic," but citing only to _Smallwood_); _see also River of Life_, 2019 WL 1767339, at *3 (reasoning that "focusing on whether a plaintiff could recover against a nondiverse defendant at the time of joinder ... is consistent with the Fifth Circuit's improper joinder doctrine" but citing only to _Stephens_ and _Smallwood_). However, as _Smallwood_ acknowledges, "the test ... is whether the defendant has demonstrated that there _is_ no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there _is_ no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." _Smallwood_, 385 F.3d at 573 (emphasis added).

District courts who cite _Smallwood_'s dicta that "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case" for the broader proposition that the impossibility of recovery must have existed at the time of joinder misread the Fifth Circuit's "narrow" holding in that case, which "applies only in that limited range of cases where the allegation of improper joinder rests on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant _and that showing is equally dispositive of all defendants_." _Smallwood_, 385 F.3d at 573, 576 (emphasis added). Unlike in _Smallwood_, a diverse insurer's election under Section 542A.006 makes it impossible to recover _against the non-diverse defendant alone_. The election provides no defense for the diverse insurer itself so it cannot be "equally dispositive" of both the diverse and non-diverse defendants, making _Smallwood_ inapplicable. _Smallwood_, 385 F.3d at 575; _see also McDonal_, 408 F.3d at 183 ("no reasonable basis of recovery" test applies "_unless_ that showing compels dismissal of _all defendants_") (emphasis in original); _Cuevas v. BAC Home Loans Servicing, LP_, 648 F.3d 242, 249 (5th Cir. 2011).

A removing party's right to remove is "to be determined according to the plaintiffs' pleading _at the time of the petition for removal_." _Pullman Co. v. Jenkins_, 305 U.S. 534, 537 (1939) (emphasis added). When an insurer makes an election under Section 542A.006, it is final and cannot be revoked or nullified, and it requires that the agent must be dismissed from the action, rendering a plaintiff "unable (not merely unlikely) to succeed on their claims" against a non-diverse agent. _See_ TEX. INS. CODE §§ 542A.006(b), (c), (f); _Flores_, 2018 WL 5695553, at *5. Accordingly, where a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-diverse defendant in state court at

Bexar Diversified MF-1, LLC v. General Star Indemnity Company, Slip Copy (2019)

the time of removal, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes.

#### IV. Application to the Present Motion to Remand

**\*5** General Star elected to accept whatever liability White has to Plaintiff for White's acts or omissions related to the claim in its Notice of Removal. Under Section 542A.006, this election is irrevocable and requires the dismissal of the action against White. Because General Star's elections establishes no possibility of recovery by Plaintiff against White at the time of removal, White is an improperly joined party and the Court will disregard its citizenship for the purposes of diversity jurisdiction. With only Plaintiff (a citizen of Texas) and General Star (a citizen of Delaware and Connecticut) remaining in this case, complete diversity of citizenship exists, and this Court may exercise subject matter jurisdiction over this case. Plaintiff asserts five arguments [3] why the Court should not reach this conclusion, which are addressed in turn below.

Plaintiff first argues that General Star's election does not meet the requirements of Chapter 542A because White is not an "agent" as defined by statute. Section 542A.006 provides that an insurer "may elect to accept whatever liability an agent might have." "Agent" is defined as "an employee, agent, representative, or adjuster who performs any act on behalf of an insurer." TEX. INS. CODE § 542A.001. Plaintiff argues that White is "not an individual but an incorporated entity." But Chapter 542A does not require an agent to be an "individual." There is no reason a business entity cannot be an "agent, representative, or adjuster who performs any act on behalf of an insurer." Section 542A.001 also defines "person" to include "a corporation, association, partnership, or other legal entity or individual."

Next, Plaintiff argues that General Star failed to move the state court to dismiss White, and because White has not yet been dismissed "diversity currently exists." Neither Chapter 542A nor the Fifth Circuit's improper joinder doctrine require a removing party to first move to dismiss a non-diverse defendant. We find no reason to impose such a procedural hurdle now. And, as General Star points out, requiring a defendant-insurer who has made an election to first achieve dismissal of the non-diverse defendant in state court could make it impossible for that defendant to timely remove under the 30-day deadline imposed by Section 1446(b). *See* 28 U.S.C. § 1446(b).

Plaintiff next asserts that the voluntary-involuntary rule bars removal of this matter. It is well-established law that improper joinder is an exception to the voluntary-involuntary rule. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).

Plaintiff argues that General Star has not met its burden to prove improper joinder because it relied exclusively on its Section 542A.006 election to establish diversity. But, as explained above, this Court follows the rule that an insurer's election that renders it impossible for a plaintiff to recover against a non-diverse defendant at the time of removal is sufficient to establish improper joinder. General Star has met its burden.

Finally, Plaintiff rehashes its allegations against White and argues these are "sufficiently pled, valid causes of action under Texas law." The Court need not examine the merits of these causes of action, because General Star's election requires the dismissal of these claims against White. Whether Plaintiff's claims against White would otherwise survive a 12(b)(6)-type analysis in the absence of General Star's election is not currently before this Court. Plaintiff also attempts to distinguish the present case from this Court's decision in *Flores*, arguing that decision was "based on the fact that, prior to removal, the Defendant had elected responsibility for the adjuster and successfully sought a dismissal in state court" whereas here, General Star did not file or obtain a dismissal prior to filing its removal. Contrary to Plaintiff's assertion, *Flores* did not depend on the defendant seeking or obtaining dismissal before removal. *See Flores*, 2018 WL 5695553, at *5 ("There should not be a difference in result when the defendant obtains the dismissal in the state court ... before removal as opposed to upon removal to the federal district court.") As discussed at length above, the improper joinder doctrine does not require General Star to seek dismissal before removal, but only requires that it meets its burden of demonstrating the inability of Plaintiff to establish a cause of action against non-diverse White. *Id.* at *2.

#### CONCLUSION

**\*6** For the reasons stated herein, the Court will DENY Plaintiff's Motion to Remand and DISMISS all claims against Defendant White without prejudice. [4]

Bexar Diversified MF-1, LLC v. General Star Indemnity Company, Slip Copy (2019)

It is so ORDERED.

**All Citations**

Slip Copy, 2019 WL 6131455

Footnotes

1       Chapter 542A "applies to an action on a claim against an insurer or agent, including: (1) an action alleging breach of
        contract (2) an action alleging negligence, misrepresentation, fraud, or breach of a common law duty; or (3) an action
        brought under: (A) Subchapter D, Chapter 541; (B) Subchapter B, Chapter 542; or (C) Subchapter E, Chapter 17,
        Business & Commerce Code." TEX. INS. CODE § 542A.002. A "claim" means a first-party claim made by an insured
        under an insurance policy providing coverage for real property or improvements to real property that arises from damage
        to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a
        wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm. TEX. INS. CODE § 542A.001(2).

2       In the Fifth Circuit's recent decision discussing improper joinder, Hoyt v. Lane Construction Corp., the district court denied
        plaintiff's motion for remand after finding the non-diverse defendant was improperly joined. The improper joinder was
        based on the state court granting summary judgment in favor of the non-diverse defendant, thus dismissing them from
        the case. There is no argument or discussion of whether this dismissal by the state court meant that no cause of action
        existed at the time of the joinder. Rather, the Fifth Circuit focused on whether at the time of removal there was any
        possibility the plaintiff could establish a cause of action against the non-diverse defendant. 927 F.3d 287, 296–297, 300
        (5th Cir. 2019) (affirming district court's denial of motion for remand).

3       Notably, Plaintiff does not argue that (assuming General Star's election was valid) any of its claims against White would
        survive.

4       Although Section 542A.006 provides for dismissal with prejudice following an insurer's election, this Court lacks subject
        matter jurisdiction over an improperly joined party and thus must dismiss without prejudice. See Int'l Energy Ventures
        Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 210 (5th Cir. 2016).

**End of Document**                                          © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit D

Case 5:20-cv-00210   Document 1   Filed 02/21/20   Page 87 of 97

Yarco Trading Company, Inc. v. United Fire & Casualty..., 397 F.Supp.3d 939...

397 F.Supp.3d 939
United States District Court,
S.D. Texas, Laredo Division.

YARCO TRADING COMPANY,
INC., et al., Plaintiffs,

v.

UNITED FIRE & CASUALTY
COMPANY, et al., Defendants.

Civil Action No. 5.18-CV-155
|
Signed July 11, 2019

**Synopsis**

**Background:** Insureds, Texas companies that owned
commercial buildings that sustained storm damage, brought
action in state court against property insurer and adjuster,
a Texas citizen, for violations of Texas Deceptive Trade
Practices Act and Texas insurance statutes, alleging adjuster
conducted substandard, dilatory investigation of buildings'
roofs, and failed to respond to and repeatedly misled
insured about investigation. Insurer removed case on basis
of diversity jurisdiction, asking the court to ignore adjuster's
citizenship and to dismiss him under improper-joinder
doctrine. Insureds filed motion for remand.

**Holdings:** The District Court, Marina Garcia Marmolejo, J.,
held that:

[1] insureds sufficiently alleged potentially viable claim under
Texas law against adjuster for failure to effectuate a prompt,
fair, and equitable settlement of property claim;

[2] Texas statute requiring dismissal of action against an
insurance agent or adjuster when an insurer accepts liability
for the agent or adjuster after a claimant filed suit is Texas
substantive law; and

[3] insurer's post-suit election to accept liability of adjuster
did not retroactively render adjuster an improperly joined
party.

Motion granted.

West Headnotes (24)

[1]   **Removal of Cases**
      👉 Evidence

      The removing party bears the burden of
      establishing that federal jurisdiction exists over
      the controversy. 28 U.S.C.A. § 1441.

[2]   **Removal of Cases**
      👉 Evidence

      A removing party's burden of establishing that
      federal jurisdiction exists over the controversy
      requires all disputed factual issues and any
      uncertainties under controlling state law to be
      resolved in favor of remand. 28 U.S.C.A. § 1441.

[3]   **Removal of Cases**
      👉 Original jurisdiction of United States court

      With limited exceptions, a federal district court
      has removal jurisdiction over an action if the
      district court could have exercised original
      jurisdiction over it. 28 U.S.C.A. § 1441(a).

[4]   **Federal Courts**
      👉 Coplaintiffs and Codefendants; Complete
      Diversity

      Statute governing a federal court's subject
      matter jurisdiction requires complete diversity of
      citizenship. 28 U.S.C.A. § 1332.

[5]   **Federal Courts**
      👉 Coplaintiffs and Codefendants; Complete
      Diversity

      Federal courts cannot exercise diversity
      jurisdiction if one of the plaintiffs shares the
      same citizenship as any one of the defendants. 28
      U.S.C.A. § 1332.

[6]   **Federal Courts**

Case 5:20-cv-00210 Document 1 Filed 02/21/20 Page 88 of 97

Yarco Trading Company, Inc. v. United Fire & Casualty..., 397 F.Supp.3d 939...

**Improper or collusive making or joinder of parties**

The improper-joinder doctrine provides a narrow exception to the rule that parties must be completely diverse for federal courts to exercise subject matter jurisdiction under statute governing diversity jurisdiction. 28 U.S.C.A. § 1332.

**[7] Federal Courts**
**Improper or collusive making or joinder of parties**

Under the improper-joinder doctrine, a federal court may disregard the citizenship of an improperly joined, non-diverse defendant, dismiss that defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendants. 28 U.S.C.A. § 1332.

2 Cases that cite this headnote

**[8] Removal of Cases**
**Improper or collusive joinder of parties**
**Removal of Cases**
**Evidence**

A removing party bears the heavy burden of proving improper joinder and can establish it in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. 28 U.S.C.A. §§ 1332, 1441.

**[9] Removal of Cases**
**Improper or collusive joinder of parties**

To establish an inability of a plaintiff to establish a cause of action against a non-diverse party in state court, a defendant seeking to remove an action to federal court must demonstrate that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. 28 U.S.C.A. §§ 1332, 1441.

**[10] Removal of Cases**
**Evidence**

There are two methods of determining whether a plaintiff could possibly recover against a non-diverse defendant, for purposes of a removing party's burden to prove improper joinder: (1) conduct analysis similar to that under a motion to dismiss for failure to state a claim, looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant, or (2) pierce the pleadings and conduct a summary judgment-type analysis to identify discrete facts that would preclude recovery against the non-diverse defendant. 28 U.S.C.A. §§ 1332, 1441; Fed. R. Civ. P. 12(b)(6).

**[11] Removal of Cases**
**Evidence**

Summary judgment-type analysis to determine whether a plaintiff could possibly recover against a non-diverse defendant, for purposes of a removing party's burden to prove improper joinder, is applicable only when the plaintiff has stated a claim against the non-diverse defendant, but summary-judgment evidence reveals misstated or omitted facts relevant to the propriety of joinder. 28 U.S.C.A. §§ 1332, 1441.

**[12] Federal Courts**
**Improper or collusive making or joinder of parties**

The federal pleading standard is applied during an improper-joinder analysis to determine whether a removing party could recover against a non-diverse defendant. 28 U.S.C.A. § 1332.

**[13] Removal of Cases**
**Improper or collusive joinder of parties**

Under Texas law, an insurance adjuster is properly joined, for purposes of determining removal jurisdiction, when the plaintiff sues him under the Texas Insurance Code and alleges a distinct claim from the claim alleged against the

Case 5:20-cv-00210   Document 1   Filed 02/21/20   Page 89 of 97

Yarco Trading Company, Inc. v. United Fire & Casualty..., 397 F.Supp.3d 939...

insurance company defendant. Tex. Ins. Code Ann. § 541.001 et seq.

[14]   Removal of Cases
       👈 Want of jurisdiction or of cause for removal

Insureds sufficiently alleged potentially viable claim under Texas law against non-diverse insurance adjuster for failure to effectuate a prompt, fair, and equitable settlement of property claim, as would support remand to state court for lack of diversity jurisdiction following removal in action against insurer and adjuster; insured alleged that adjuster conducted substandard inspection by performing cursory examination of damage, that adjuster was deficient because he used services of engineering firm and metallurgist who were biased towards finding no covered damage, and that adjuster unnecessarily delayed investigation, failed to respond to and repeatedly misled insured about status of investigation, and improperly influenced outcome of investigation by providing engineering firm with biased observations and conclusions. 28 U.S.C.A. §§ 1332, 1447(c); Tex. Ins. Code Ann. § 541.060(a)(2)(A).

[15]   Removal of Cases
       👈 Improper or collusive joinder of parties
       Removal of Cases
       👈 Dismissal as to one or more coparties

Both the voluntary-involuntary rule, which provides that a case nonremovable to federal court on the initial pleadings can become removable only pursuant to a voluntary act of the plaintiff, and the improper-joinder doctrine are judicially created exceptions to general rules of jurisdiction under the federal removal statutes. 28 U.S.C.A. § 1441.

[16]   Removal of Cases
       👈 Dismissal as to one or more coparties

The "voluntary-involuntary rule" provides that a case nonremovable to federal court on the initial pleadings can become removable only pursuant

to a voluntary act of the plaintiff. 28 U.S.C.A. § 1441.

[17]   Removal of Cases
       👈 Improper or collusive joinder of parties
       Removal of Cases
       👈 Dismissal as to one or more coparties

The improper-joinder doctrine is an exception to the voluntary-involuntary rule, which provides that a case nonremovable to federal court on the initial pleadings can become removable only pursuant to a voluntary act of the plaintiff. 28 U.S.C.A. § 1441.

[18]   Removal of Cases
       👈 Improper or collusive joinder of parties

The "improper-joinder doctrine" allows a court to dismiss a non-diverse defendant from a removed state case and disregard that defendant's citizenship for purposes of diversity jurisdiction when a defendant has demonstrated that there is no possibility of recovery by the plaintiff against the non-diverse defendant. 28 U.S.C.A. §§ 1332, 1441.

       1 Cases that cite this headnote

[19]   Removal of Cases
       👈 Improper or collusive joinder of parties
       Removal of Cases
       👈 Dismissal as to one or more coparties

Improper-joinder doctrine, not voluntary-involuntary rule, which provided that a case nonremovable to federal court on the initial pleadings could become removable only pursuant to a voluntary act of the plaintiff, applied when determining whether remand to state court was appropriate following diverse property insurer's election to accept liability for non-diverse insurance adjuster in insureds' action alleging violation of Texas statute prohibiting failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of property claim. 28 U.S.C.A. § 1447(c); Tex. Ins. Code Ann. §§ 541.060(a)(2)(A), 542A.006.

Yarco Trading Company, Inc. v. United Fire & Casualty..., 397 F.Supp.3d 939...

[20]   **Federal Courts**
   👉 Insurers and insurance

Texas statute requiring dismissal of action against an insurance agent or adjuster when an insurer accepts liability for the agent or adjuster after a claimant filed suit is Texas substantive law that is appropriately considered by federal courts sitting in diversity. Tex. Ins. Code Ann. § 542A.006(c).

1 Cases that cite this headnote

[21]   **Removal of Cases**
   👉 Want of jurisdiction or of cause for removal

Property insurer's post-suit election to accept liability of its adjuster did not retroactively render adjuster an improperly joined party, and thus remand to state court for improper joinder was unwarranted in insureds' action against insurer and adjuster for violation of Texas statute prohibiting failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of property claim, even if insureds' pre-suit notice was deficient in failing to provide notice of presence of adjuster in suit; insureds brought suit before insurer elected to accept liability of adjuster, and claims against adjuster were not barred at time he was joined to suit. Tex. Ins. Code Ann. §§ 542A.003, 542A.006.

2 Cases that cite this headnote

[22]   **Removal of Cases**
   👉 Improper or collusive joinder of parties
   **Removal of Cases**
   👉 Evidence

To establish improper joinder, the burden on a removing party is to prove that the joinder of the in-state parties was improper, that is, to show that sham defendants were added to defeat jurisdiction. 28 U.S.C.A. § 1441.

1 Cases that cite this headnote

[23]   **Removal of Cases**

   👉 Condition of case

In conducting improper-joinder inquiries following removal of action to federal court, the focus must remain on whether the nondiverse party was properly joined when joined. 28 U.S.C.A. § 1441.

1 Cases that cite this headnote

[24]   **Removal of Cases**
   👉 Condition of case

If a plaintiff's claims against a nondiverse party were valid at the time of joinder, then it cannot be said that the joinder of that party was fraudulent, for purposes of removing party's burden to prove improper joinder of nondiverse party. 28 U.S.C.A. § 1441.

**Attorneys and Law Firms**

**\*942** Peter James Stanton, Attorney at Law, San Antonio, TX, for Plaintiffs.

J. Chad Gauntt, David P. Andis, Gauntt, Koen, Binney, Woodall & Kidd, LLP, The Woodlands, TX, for Defendants.

**ORDER**

Marina Garcia Marmolejo, United States District Judge

Defendant United Fire & Casualty Company removed this case—an insurance dispute regarding storm damage sustained by Plaintiffs' commercial buildings—from state court on the basis of diversity jurisdiction. (Dkt. Nos. 1 at 1; 1-3 at 4). In its notice of removal, United Fire recognized that the parties are not completely diverse: Plaintiffs Yarco Trading Company and T&T Forwarding Services and Defendant Patrick Peden are all Texas citizens. (*Id.* at 2). Although that would normally defeat diversity jurisdiction, Defendants ask the Court to ignore Peden's citizenship and dismiss him under the improper-joinder doctrine, arguing that (1) Plaintiffs have failed to state a claim against Peden under the federal pleading standard, and (2) even if Plaintiffs had adequately pleaded claims against Peden, those claims are precluded by United Fire's post-suit

Yarco Trading Company, Inc. v. United Fire & Casualty..., 397 F.Supp.3d 939...

election to accept liability under Texas Insurance Code § 542A.006. (*Id.* at 2–3).

Now before the Court is Plaintiffs' Motion to Remand (Dkt. No. 3). Plaintiffs argue that Peden's citizenship cannot be ignored for diversity purposes because they have pleaded valid state-law claims against him and United Fire's § 542A.006 election cannot retroactively render him improperly joined. Because the Court agrees, Plaintiffs' Motion to Remand is **GRANTED**, and this case is **REMANDED** to the **49th Judicial District of Webb County.**

## I. BACKGROUND

In May 2017, a severe storm damaged Plaintiffs' commercial buildings, which were insured by United Fire. (Dkt. No. 1-3 at 4). To repair their property Plaintiffs filed an insurance claim. (*Id.*). United Fire eventually assigned Patrick Peden, an adjuster, **\*943** to inspect Plaintiffs' property for any storm damage. (*Id.*). Plaintiffs claim that he conducted a substandard, dilatory investigation of the buildings' roofs, failed to respond to and repeatedly misled Plaintiffs about his investigation, and employed an engineering firm and metallurgist who were biased toward findings favorable to insurance companies; as a result, United Fire refused to pay damages owed under Plaintiffs' insurance policy. (*Id.* at 4–6).

Plaintiffs filed this lawsuit in the 49th Judicial District of Webb County, asserting that United Fire and Peden violated §§ 541.051, 541.060, and 541.061 of the Texas Insurance Code and § 17.50(a) of the Texas Deceptive Trade Practices Act. (*Id.* at 1, 6–9). After receiving service of Plaintiffs' petition, United Fire elected to accept liability for Peden under Texas Insurance Code § 542A.006, (Dkt. No. 1-4 at 9), and then removed the case to this Court, arguing that Peden was improperly joined and his citizenship should not be considered when assessing federal diversity jurisdiction, (Dkt. No. 1).

## II. LEGAL STANDARD

### A. Removal Jurisdiction

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) the federal court has subject matter jurisdiction, and (2) the removal procedure is properly followed. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

[1]  [2]  The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). That burden requires all disputed factual issues and any uncertainties under controlling state law to be resolved in favor of remand. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citations omitted).

[3]  With limited exceptions, "[a] federal district court has removal jurisdiction over an action if the district court could have exercised original jurisdiction over it." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citing 28 U.S.C. § 1441(a)). Federal courts have original jurisdiction in cases that are between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a) (1).

[4]  [5]  Section 1332 "requires 'complete diversity' of citizenship." *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (quoting *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). That is, federal courts "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Id.*

### B. Improper Joinder

[6]  [7]  The improper-joinder doctrine provides a narrow exception to the rule that parties must be completely diverse for federal courts to exercise subject matter jurisdiction under 28 U.S.C. § 1332. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). Under this doctrine, the court may disregard the citizenship of an improperly joined, non-diverse defendant, dismiss that defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendants. *Flagg*, 819 F.3d at 136.

[8]  [9]  The removing party bears the heavy burden of proving improper joinder, *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011), and can establish it in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a **\*944** cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). To make the second showing, a defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

**[10]     [11]**  There are two methods of determining whether the plaintiff could possibly recover against the non-diverse defendant: (1) conduct a Rule 12(b)(6)-type analysis, looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant; or (2) pierce the pleadings and conduct a summary judgment-type analysis to identify discrete facts that would preclude recovery against the non-diverse defendant. *Id.* at 573–74. The latter method is applicable only when the plaintiff has stated a claim against the non-diverse defendant, but summary-judgment evidence reveals misstated or omitted facts relevant to the propriety of joinder. *Id.*

### C. Pleading Standard

**[12]**  The federal pleading standard is applied during an improper-joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Under the federal standard, the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Ail. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Labels and conclusions, formulaic recitations of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). And for fraud claims, a heightened pleading standard requires parties to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).

### III. ANALYSIS

The parties do not dispute that the jurisdictional amount in controversy is met or that Plaintiffs and Peden are Texas citizens. Further, United Fire does not argue that there is actual fraud in the pleadings; rather, it argues that Peden is improperly joined because (1) Plaintiffs' state-court petition fails to adequately state a claim against him, and (2) United Fire's § 542A.006 election precludes recovery against him.

### A. Sufficiency of Pleadings

Defendants argue that Plaintiffs' state-court petition does not adequately state a claim because it alleges that Peden was acting as an authorized agent for United Fire (rather than in his individual capacity) and fails to differentiate between Peden's and United Fire's actionable conduct; moreover, Defendants argue, the relevant insurance claims were denied before Peden's involvement. (Dkt. No. 4 at 15–17.) They also assert that Plaintiffs' allegations fail Federal Rule of Civil Procedure

9(b) scrutiny because they are insufficiently particularized. Having reviewed the relevant pleadings and caselaw, the Court is unpersuaded.

### 1. Adjuster Liability under the Texas Insurance Code

**[13]**  Both the Fifth Circuit and the Texas Supreme Court have affirmed that adjusters engaged in the business of insurance may be held individually liable for violating Chapter 541. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) ("Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities."); ***945** *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 487 (Tex. 1998) (holding that Chapter 541 "provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance").[1] The Texas Supreme Court has also held that "the business of insurance includes the investigation and adjustment of claims and losses." *Vail v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988) (citations omitted). Thus, "an insurance adjuster is properly joined when the plaintiff sues him under Chapter 541, and alleges a distinct claim from the claim alleged against the insurance company defendant." *Davis v. Travelers Lloyds of Tex. Ins. Co.*, Case No. A-18-CV-1029-LY, 2019 WL 1930135, at *2 (W.D. Tex. Apr. 30, 2019); *see also id.* at *2 n.2 (collecting cases).

Defendants' arguments misunderstand the foregoing rules. Yes claims against an insurance adjuster must be distinct from those against an insurance company, *See Davis*, 2019 WL 1930135, at *2 & n.2, but Plaintiffs' state-court petition explicitly identifies Peden's independently actionable conduct—the inadequacy of his investigation, (Dkt. No. 1-3 at 4–10). And because Plaintiffs predicate their claims against Peden on his allegedly improper investigation—not on United Fire's refusal to pay what Plaintiffs believe they are owed under the insurance policy—it is of no moment that Peden may have been appointed as the adjuster on Plaintiffs' claim only after United Fire's initial denial.

The Court must therefore determine whether Plaintiffs' allegations are sufficient to state a claim against Peden under federal pleading standards. Remand is necessary if even one of Plaintiffs' claims might be successful. *See Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) (citations omitted). Because the Court finds that

Case 5:20-cv-00210   Document 1   Filed 02/21/20   Page 93 of 97

Yarco Trading Company, Inc. v. United Fire & Casualty..., 397 F.Supp.3d 939...

Plaintiffs have stated a possible claim under § 541.060(a)(2)(A),[2] it need not address any other claims.

### 2. Texas Insurance Code § 541.060(a)(2)(A)

[14]  Plaintiffs allege that Peden violated Texas Insurance Code § 541.060(a)(2)(A), (Dkt. No. 1-3 at 7), *946 which prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of ... a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Co. Ann. § 541.060(a)(2)(A). The state-court petition asserts that Peden, acting as United Fire's assigned adjuster, "conducted a substandard inspection by performing a cursory examination of the damage to the Property's roofs" and "was deficient because he used the services of an engineering firm and, later, a metallurgist, who are biased towards finding no covered damage." (Dkt. No. 1-3 at 4). It also alleges that "Peden unnecessarily delayed the investigation[,] ... failed to respond to and/ or repeatedly misled the Plaintiffs about the status of the investigation[, and] ... improperly influenced the outcome of the investigation by providing the engineering firm with his biased observations and conclusions." (Id. at 4-5).

Federal district courts are split as to whether the general Rule 8(a) or heightened Rule 9(b) pleading standard applies when analyzing § 541.060(a)(2)(A) claims—as well as whether facts similar to those alleged here are sufficient to state a claim under either standard.[3] But that split militates against finding Plaintiffs' pleadings insufficient. See Gasch, 491 F.3d at 281–82 ("[W]e resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." (citing Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005))). Erring in favor of remand, the Court finds that Plaintiffs' pleadings sufficiently allege a potentially viable claim against Peden under either federal pleading standard.

### B. Section 542A.006 Election

Under Texas Insurance Code § 542A.006,[4] an insurer "may elect to accept whatever liability an agent might have to [a] claimant for the agent's acts or omissions related to [a] claim by providing *947 written notice to the claimant." Tex. Ins. Code Ann. § 542A.006(a) (West). If an insurer elects to accept its agent's liability after an action is initiated, the statute states that "the court shall dismiss the action against the agent with prejudice." Id. § 542A.006(c).

After Plaintiffs brought suit against Defendants, United Fire elected to accept any liability Peden might have regarding Plaintiffs' claims and then removed to this Court. (Dkt. Nos. 1-3; 1-4 at 8; 3 at 26). In light of its § 542A.006 election, United Fire argues that Peden is an improperly joined party whose citizenship may be ignored for diversity purposes. (Dkt. Nos. 1 at 2–3; 4 at 5–14). Because Plaintiffs' motion to remand argues that the Court should analyze this question under the voluntary-involuntary rule rather than the improper-joinder doctrine, the Court now turns to determining which of those analytical frameworks should be applied here.

### 1. Proper Analytical Framework

[15] [16] [17] [18]  Both the voluntary-involuntary rule and the improper-joinder doctrine are judicially created exceptions to general rules of jurisdiction under the federal removal statutes. See Hoyt v. Lane Constr. Corp., 927 F.3d 287, 294-96 (5th Cir. 2019) (citations omitted). The voluntary-involuntary rule provides "that a case nonremovable on the initial pleadings [can] become removable only pursuant to a voluntary act of the plaintiff." Weems v. Louis Dreyfus Corp., 380 F.2d 545, 547 (5th Cir. 1967). The improper-joinder doctrine, on the other hand, is itself an exception to the voluntary-involuntary rule. Hoyt, 927 F.3d at 294-95 (first citing Great N. Ry. Co. v. Alexander, 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918); then citing Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006)). The improper-joinder doctrine allows a court to dismiss a non-diverse defendant from a removed state case and disregard that defendant's citizenship for purposes of diversity jurisdiction when a "defendant has demonstrated that there is no possibility of recovery by the plaintiff against [the non-diverse] defendant." Flagg v. Stryker Corp., 819 F.3d 132, 136 (5th Cir. 2016) (en banc) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

Where state-court defendants have made a § 542A.006 election prior to removal, the lion's share of federal courts have applied the improper-joinder doctrine—as opposed to the voluntary-involuntary rule—to assess the election's impact on federal subject matter jurisdiction.[5] And *948 although Plaintiffs point to one federal case, Massey v. Allstate Vehicle & Property Insurance Co., Civil Action H-18-1144, 2018 WL 3017431 (S.D. Tex. June 18, 2018), where the court applies the voluntary-involuntary rule, the outlier status of that case is readily explained: there the defendant-insurer did not argue that the plaintiff "improperly

or fraudulently join[ed] the adjusters," *id.* at *3, eschewing implication of the improper-joinder doctrine.

[19]   In this case, however, United Fire argues that its § 542A.006 election precludes Plaintiffs from recovering on their claims against Peden, rendering him an improperly joined party. Consistent with the majority of other courts that have addressed this particular array of issues, the Court will analyze whether remand is appropriate under the improper-joinder doctrine, not the voluntary-involuntary rule.

### 2. Improper Joinder

It is undisputed that United Fire notified Plaintiffs in writing of its election to accept any of Peden's potential liability under Texas Insurance Code § 542A.006. (Dkt. No. 1 at 2–3; 3 at 15; 4-10). And that election would undoubtedly preclude Plaintiffs' recovery against Peden in state court. *See, e.g., Electro Grafix, Corp. v. Acadia Ins. Co.,* SA-18-CA-589-XR, 2018 WL 3865416, at *4 ("When an insurer elects to accept liability for an agent and notifies the claimant, the court 'shall dismiss' the claimant's action against the agent." (citing Tex. Ins. Code § 542A.006(c))). Defendants argue that this demonstrates Peden was improperly joined in this action.

Plaintiffs raise two issues with the foregoing argument: First, they contend that Texas Insurance Code § 542A.006 reflects a procedural state rule and should not be given substantive effect in federal court. Second, they argue that whether a party was improperly joined may only be assessed by reference to facts that existed prior to or at the time of joinder. The Court will take up these arguments in turn.

### (a) Applicability of § 542A.006 in Federal Court

"It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.' " *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.,* 559 U.S. 393, 419–20, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) (Stevens, J., concurring) (quoting *Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). And it is true that Texas Insurance Code § 542A.006(c) is couched in procedural terminology—if an insurer makes an election to accept liability for its agent under § 542A.006(a) after a claimant has already filed suit, then § 542A.006(c) says that "the court shall dismiss the action against the agent with prejudice." Tex. Ins. Code Ann. § 542A.006(c). As with a

state statute of limitations, however, the ostensibly procedural nature of § 542A.006(c) does not render it inapplicable in federal court. [6] The *949 question is whether application of § 542A.006 is sufficiently "bound up with state-secured substantive rights and obligations" that its application by a federal court sitting in diversity would advance "the twin aims of *Erie*: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *See All Plaintiffs v. All Defendants,* 645 F.3d 329, 335–36 (5th Cir. 2011) (cleaned up).

[20]   In the vein of a statute of limitations, the Texas Legislature crafted § 542A.006(c) as a full-stop defense to claims filed against insurance adjusters in state court: if the insurer makes a § 542A.006(a) election, a plaintiff's claims are dismissed with prejudice. At least as regards insurance adjusters whose companies elect to accept liability, there would be a wide disparity in lawsuit outcomes—incentivizing forum-shopping—based on whether an action is adjudicated in state or federal court if § 542A.006(c) were to be regarded as merely procedural and not given effect in federal tribunals. *Cf. Carrizales v. State Farm Lloyds,* 3:18-CV-0086-L, 2018 WL 1697584, at *4 (N.D. Tex. Apr. 6, 2018) ("[A]lthough sections 542A.003 and 542A.005 present procedural requirements, their relationship to Texas's substantive policy for claims brought under the Texas Insurance Code requires that they be applied in federal court."). The Court therefore concludes that § 542A.006(c) is state substantive law appropriately considered by federal courts sitting in diversity.

### (b) Timing of § 542A.006 Election

[21]   In a letter addressed to Retired District Judge George P. Kazen—who has never presided over this case—Plaintiffs' counsel asked Judge Kazen to review *River of Life Assembly of God v. Church Mutual Insurance Co.,* 1:19-CV-49-RP, 2019 WL 1468933 (W.D. Tex. Apr. 22, 2019) (Pitman, J.) "[b]ecause the facts and issues in the *River of Life* case are almost identical to those in this case, [and counsel] thought [Judge Kazen] may be interested in reviewing it." [7] (Dkt. No. 8 at 1). After the Court issued a show-cause order (Dkt. No. 9) noting both the irregularity of counsel's letter and the fact that the undersigned's local rules explicitly forbid raising substantive issues via letter correspondence, *see* HON. MARINA GARCIA MARMOLEJO CIV. CT. P. 1(D)(1) ("**Do not** address substantive issues in letter or email form." (emphasis in original)), Plaintiffs' counsel explained

Case 5:20-cv-00210  Document 1  Filed 02/21/20  Page 95 of 97

Yarco Trading Company, Inc. v. United Fire & Casualty..., 397 F.Supp.3d 939...

that they had meant to address their letter to Magistrate Judge John A. Kazen and requested leave to formally bring the case to the Court's and Defendants' attention. (Dkt. Nos. 10, 11, 11-1). The Court granted leave and afforded Defendants an opportunity to respond. (Dkt. Nos. 12, 13).

The *River of Life* decision accurately describes a split among district courts over **\*950** the effect a § 542A.006 election's timing has on the improper-joinder analysis. *See* 2019 WL 1767339, at \*2; *see also Vyas v. Atain Specialty Ins. Co.*, 380 F.Supp.3d 609, 612-13 n.1 (S.D. Tex. 2019) (collecting cases). One line of decisions has concluded that an insurer's § 542A.006 election renders the selected adjusters improperly joined—regardless of whether the election occurred before or after a plaintiff brought suit—because the election precludes recovery against those adjusters. *See* 2019 WL 1767339, at \*2 (first citing *Yan Qing Jiang v. Travelers Home & Marine Ins. Co.*, 1:18-CV-758-RP, 2018 WL 6201954, at \*2 (W.D. Tex. Nov. 28, 2019); then citing *Flores v. Allstate Vehicle & Prop. Ins. Co.*, Civil Action No. SA-18-CV-742-XR, 2018 WL 5695553, at \*5 (W.D. Tex. Oct. 31, 2018); and then citing *Electro Grafix, Corp. v. Acadia Ins. Co.*, Civil Action No. SA-18-CA-589-XR, 2018 WL 3865416, at \*4 (W.D. Tex. Aug. 14, 2018)). Another line of decisions has concluded that the timing of an insurer's § 542A.006 election is of paramount importance, reasoning that the touchstone of an improper-joinder inquiry is whether parties were "improperly joined" at the time they were joined. *See id.* (citing *Stephens v. Safeco Ins. Co. of Ind.*, CIVIL ACTION NO. 4:18-CV-00595, 2019 WL 109395, at \*7 (E.D. Tex. Jan. 4, 2019)); *see also Robbins Place W. Campus, LLC v. Mid-Century Ins. Co.*, A-18-CV-875-LY, 2019 WL 2183792, at \*2–3 (W.D. Tex. May 21, 2019) (aligning with that view); *Greatland Inv., Inc. v. Mt. Hawley Ins. Co.*, Civil Action H-19-1212, 2019 WL 2120854, at \*2 (S.D. Tex. May 15, 2019) (same).

The *River of Life* decision adopted the latter, more restrictive approach, drawing on a core principle that guided the Fifth Circuit's decision in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). *See* 2019 WL 1767339, at \*3. There, a Mississippi resident injured in a train accident brought a state-court action against Illinois Central Railroad and the Mississippi Department of Transportation. *Smallwood*, 385 F.3d at 571–72. Illinois Central removed the case to federal court based on diversity jurisdiction, arguing that the Mississippi Department of Transportation had been improperly joined because the claims against it were preempted and recovery was barred by the Federal Railroad Safety Act. *See id.* at 572. But the circuit rejected

that argument as a misapplication of the improper-joinder doctrine:

> [W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit.

*Id.* at 574.

[22]  [23]  [24]  As rightly observed in the *River of Life* decision, "if the impossibility of recovery were all that mattered, 'the *Smallwood* Court would have reached the opposite conclusion.' " 2019 WL 1767339, at \*3 (quoting *Stephens*, 2019 WL 109395, at \*5). Instead, *Smallwood* makes clear that "the burden on the removing party is to prove that the *joinder* of the in-state parties was improper —that is, to show that sham defendants were added to defeat jurisdiction." 385 F.3d at 575 (emphasis added). Thus, in conducting improper-joinder inquiries, "[t]he focus must remain on whether the nondiverse party was properly joined when joined." *River of Life*, 2019 WL 1767339, at \*3 (citing *Stephens*, 2019 WL 109395, at \*5); *see also Robbins Place*, 2019 WL 2183792, at \*3 ("[I]n deciding whether a party has been fraudulently joined for purposes of diversity, the focus must be on the claims made against that **\*951** party when the case against that party was filed."). If a plaintiff's claims against a party were valid at the time of joinder, "then it cannot be said that the joinder of that party was fraudulent." *Robbins Place*, 2019 WL 2183792, at \*3.

In their surreply, Defendants argue that *River of Life's* reasoning is inapplicable here because Plaintiffs failed to provide adequate notice of Peden's presence in the suit under Texas Insurance Code § 542A.003, thereby depriving Defendants of an opportunity to make a pre-suit § 542A.006 election. (Dkt. No. 13 at 3–5). One problem with that argument is that there is nothing about a plaintiff's § 542A.003 notice that enables defendants to make a § 542A.006 election of liability—even if it is readily apparent why notice of suit may catalyze such elections. But more importantly, even

Case 5:20-cv-00210  Document 1  Filed 02/21/20  Page 96 of 97

Yarco Trading Company, Inc. v. United Fire & Casualty..., 397 F.Supp.3d 939...

assuming that Plaintiffs' pre-suit notice was inadequate, the remedy for such inadequacy is abatement of the action until "the 60th day after the date" proper notice is provided." *See Perrett v. Allstate Ins. Co.*, 354 F. Supp. 3d 755, 757 (S.D. Tex. 2018) ("If a plaintiff does not comply with the notice requirement, 'abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal.' " (quoting *In Re Behr*, No. 04-05-00895-CV, 2006 WL 468001, at *2 (Tex. App.—San Antonio Mar. 1, 2006, no pet.))); *see also* Tex. Ins. Code Ann. § 542A.005(e)(1). Abatement would change neither the date the suit was filed nor the time of joinder. As in *Smallwood*, Defendants here may have shown a defect in Plaintiffs' suit, but that does not demonstrate that Peden was improperly joined. If Defendants believe that Plaintiffs' pre-suit notice was deficient, their remedy is abatement of this action—but that remedy must be afforded by a court of competent jurisdiction.

Of paramount importance to this Court's jurisdiction, Plaintiffs brought suit against United Fire and Peden before the insurer elected to accept its agent's liability under § 542A.006. Because Plaintiffs' claims against Peden were not barred by § 542A.006 at the time he was joined to this suit,

the Court concludes that United Fire's post-suit election does not retroactively render Peden an improperly joined party.

## IV. CONCLUSION

Based on the foregoing, Defendants have not met their heavy burden of proving that Peden was improperly joined. The Court concludes that Plaintiffs have provided a reasonable basis for predicting recovery on their § 541.060(a)(2)(A) claim against Peden, and that United Fire's post-suit § 542A.006 election does not retroactively render Peden's joinder improper. Because Plaintiffs and Peden are all Texas citizens, the Court lacks diversity jurisdiction over this case. Accordingly, Plaintiffs' Motion to Remand (Dkt. No. 3) is **GRANTED**. This case is **REMANDED** to the **49TH JUDICIAL DISTRICT COURT OF WEBB COUNTY, TEXAS** where it was filed as **CAUSE NUMBER 2018CVK001560D1**.

It is so **ORDERED**.

## All Citations

397 F.Supp.3d 939

## Footnotes

1  *Garrison* and *Gasch* deal with Article 21.21, Chapter 541's predecessor. But because Chapter 541 was a non-substantive recodification of Article 21.21, their broader holdings still stand. *See Certain Underwriters at Lloyd's, London & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 570 n.5 (5th Cir. 2006); *Doss v. Warranty Underwriters Ins. Co.*, No. 04-11-00776-CV, 2012 WL 5874316, at *2 n.1 (Tex. App.—San Antonio Nov. 21, 2012).

2  A Texas appellate court did hold in conclusory terms that section 541.060(a)(2)(A) only "address[es] the duties owed by an insurer who issued a policy of insurance to an insured." *Tex. City Patrol, LLC v. El Dorado Ins. Agency, Inc.*, No. 01-15-01096-CV, 2016 WL 3748780, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op., not designated for publication). The appellate court, however, failed to reconcile its holding with the general rule established by the Texas Supreme Court that adjusters who are in the business of insurance can be held individually liable under Chapter 541. *See Garrison*, 966 S.W.2d at 487. Nor does its holding mesh with the statutory language, which focuses on "effectuat[ing]" a fair settlement. Tex. Ins. Code Ann. § 541.060(a)(2). An adjuster's investigation certainly has an effect on the settlement process. *See Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, CIVIL ACTION NO. 3:15-CV-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015) (arguing that effectuating a settlement necessarily includes an adjuster's investigation). The Court need not definitively reconcile this conflict, though, as the improper-joinder analysis requires the Court to resolve all ambiguities in state law in favor of remand. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (citations omitted).

3  *Compare Haltom v. Metro. Lloyds Ins. Co. of Tex.*, Case No. 3:17-cv-2582-S, 2018 WL 3130664, at *3–4 (N.D. Tex. June 4, 2018) (finding that a § 541.060(a)(2)(A) claim was sufficiently stated under the general federal pleading standard on similar allegations), *and AV Tech. Support, Inc. v. Acadia Ins. Co.*, No. 5:17-CV-934-DAE, 2018 WL 2245500, at *3–4 (W.D. Tex. Mar. 20, 2018) ("Given the split in authority on which pleading standard applies, the Court will apply the lesser pleading standard under Rule 8(a)." (citing *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013))), *and Vasquez v. State Farm Lloyds*, Civil No. SA-17-CV-01080-DAE, 2018 WL 1899808, at *3–5 (W.D. Tex. Mar. 15, 2018) (concluding that similar allegations gave rise to a viable § 541.060(a)(2)(A) claim even assuming

Yarco Trading Company, Inc. v. United Fire & Casualty..., 397 F.Supp.3d 939...

that Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applied), *and Anderson v. Cont'l W. Ins. Co.,* Civil Action No. 5:17-CV-222-M-BQ, 2017 WL 7310390, at *5–6 (N.D. Tex. Dec. 29, 2017) (applying the general federal pleading standard and finding similar allegations sufficient to state a § 541.060(a)(2)(A) claim), *and Mary v. Allstate Tex. Lloyd's,* No. 3:16-cv-3383-L, 2017 WL 7735066, at *9–10 (N.D. Tex. Oct. 5, 2017) (same), *with Morales v. Allstate Fire & Cas. Ins. Co.,* 5-18-CV-00483-FB-RBF, 2018 WL 6599616, at *3–5 (W.D. Tex. Dec. 17, 2018) (assuming arguendo that Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to § 541.060(a)(2)(A) claims and finding distinguishable pleadings sufficient), *and ALGC, Inc. v. U.S. Liab. Ins. Grp.,* Civil Action No. DR-17-CV-061-AM-VRG, 2018 WL 5733184, at *7–8 (W.D. Tex. Aug. 17, 2018) (finding § 541.060(a)(2)(A) claim insufficiently pleaded under the heightened standard of Federal Rule of Civil Procedure 9(b)).

4  This provision went into effect on September 1, 2017, and applies to an action brought under §§ 541.051, 541.060, and 541.061 of the Texas Insurance Code and § 17.50(a) of the Texas Deceptive Trade Practices Act. *See* Tex. Ins. Code Ann. § 542A.002 ("[T]his chapter applies to an action on a claim against an insurer or agent, including: ... Subchapter D, Chapter 541[, Texas Insurance Code] ... [or] Subchapter E, Chapter 17, Business & Commerce Code.")

5  *See, e.g., Ewell v. Centauri Specialty Ins. Co.,* Civil Action No. H-19-1415, 2019 WL 2502016, at *1–2 (S.D. Tex. June 17, 2019) ("Because there is no reasonable basis to predict that Plaintiff might be able to recover against Wiley in state court, he was improperly joined as a defendant in this suit."); *Robbins Place W. Campus, LLC v. Mid-Century Ins. Co.,* A-18-CV-875-LY, 2019 WL 2183792, at *1–3 (W.D. Tex. May 21, 2019) (analyzing whether a post-suit § 542A.006 election rendered an adjuster improperly joined); *Vyas v. Atain Specialty Ins. Co.,* 380 F.Supp.3d 609, 611–13 (S.D. Tex. 2019) (applying the improper-joinder doctrine to determine whether remand to state court was appropriate given an insurer's § 542A.006 election); *Greatland Inv., Inc. v. Mt. Hawley Ins. Co.,* Civil Action H-19-1212, 2019 WL 2120854, at *2–4 (S.D. Tex. May 15, 2019) (holding that an adjuster had been improperly joined because the insurer had made a § 542A.006 election to accept liability before the plaintiff filed suit); *River of Life Assembly of God v. Church Mut. Ins. Co.,* 1:19-CV-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019) ("[B]ecause improper joinder is an exception to the voluntary-involuntary rule, the Court must first consider whether Harris was improperly joined." (internal citation omitted)); *Stephens v. Safeco Ins. Co. of Ind.,* CIVIL ACTION NO. 4:18-cv-00595, 2019 WL 109395, at *4 (E.D. Tex. Jan. 4, 2019) ("Courts have long excluded plaintiffs who improperly join non-diverse defendants from the protections of the voluntary-involuntary rule." (citation omitted)); *Flores v. Allstate Vehicle & Prop. Ins. Co.,* Civil Action No. SA-18-CV-742-XR, 2018 WL 5695553, at *4 (W.D. Tex. Oct. 31, 2018) (concluding that the improper-joinder exception to the voluntary-involuntary rule applied because the state court dismissed the adjuster based on Texas Insurance Code § 542A.006).

6  *See Guaranty Trust Co. of N.Y. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) ("[T]he question is not whether a statute of limitations is deemed a matter of 'procedure' in some sense. The question is whether such a statute concerns merely the manner and the means by which a right to recover, as recognized by the State, is enforced, or whether ... it significantly affect[s] the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court[.]"); *see also Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.,* 559 U.S. 393, 419–20, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) (Stevens, J., concurring) ("A 'state procedural rule, though undeniably 'procedural' in the ordinary sense of the term,' may exist 'to influence substantive outcomes,' and may in some instances become so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy. Such laws, for example, may be seemingly procedural rules that make it significantly more difficult to bring or to prove a claim, thus serving to limit the scope of that claim.").

7  The *River of Life* order referred to in counsel's letter was later amended and superseded, so this Court's discussions of that case and its reasoning are tethered to the amended order. *See River of Life Assembly of God v. Church Mut. Ins. Co.,* 1:19-CV-49-RP, 2019 WL 1767339 (W.D. Tex. Apr. 22, 2019).

---

**End of Document**                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.